IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| ARC CONTROLS, INC., <br>     Plaintiff, <br><br> v. <br><br> M/V NOR GOLIATH, *in rem*, and GOLIATH OFFSHORE HOLDINGS PTE. LTD., *in personam* | CASE NO. 1:19-cv-391-LG-RHW |

## ANSWER AND THIRD PARTY DEMAND

NOW COME Defendants, M/V NOR GOLIATH, *in rem*, and GOLIATH OFFSHORE HOLDINGS PTE. LTD., *in personam* (collectively "Defendants" or "Goliath"), and answer as follows the averments of the Complaint filed by Plaintiff Arc Controls, Inc. ("Plaintiff" or "Arc"):

### First Defense

As a separate and complete defense, and/or in the alternative, Plaintiff's claims are prescribed, perempted, subject to a statute of limitations or repose, or otherwise time-barred.

### Second Defense

The allegations of the Complaint are vague and ambiguous, and moreover contain no allegations of fault, negligence, or other liability against Defendant.

### Third Defense

As a separate and complete defense, and/or in the alternative, the allegations of the Complaint fail to establish a cause of action against Defendants or otherwise state a claim upon which relief can be granted.

### Fourth Defense

As a separate and complete defense, and/or in the alternative, the allegations of the Complaint fail to establish that Plaintiff has any right of action against Defendants or the procedural capacity to maintain a claim against Defendants.

### Fifth Defense

As a separate and complete defense, and/or in the alternative, the venue is improper.

### Sixth Defense

As a separate and complete defense, and/or in the alternative, the Court lacks *in personam* jurisdiction over Defendants.

### Seventh Defense

As a separate and complete defense, and/or in the alternative, Defendants object to the sufficiency of citation, process, and/or service.

### Eighth Defense

As a separate and complete defense, and/or in the alternative, to the extent the Plaintiff has suffered any damages, which is denied, said damages are the sole result of the Plaintiff's own fault and/or negligence, and/or in the alternative any recovery to which the Plaintiff may be entitled must be reduced in proportion to the Plaintiff's own contributory negligence.

### Ninth Defense

As a separate and complete defense, and/or in the alternative, to the extent the Plaintiff has suffered any damages, which is denied, said damages are the result of persons or entities other than Defendants or over whom Defendants had no control and for whom Defendants bear no liability.

### Tenth Defense

As a separate and complete defense, and/or in the alternative, to the extent the Plaintiff has sustained any damages, which is denied, the Plaintiff has failed to mitigate said damages.

### Eleventh Defense

As a separate and complete defense, and/or in the alternative, Defendants affirmatively shows that the Plaintiff sustained no damages as the result of any breach of legal duty owed by Defendants for which the Plaintiff may recover any amounts whatsoever.

### Twelfth Defense

As a separate and complete defense and/or in the alternative, Defendants deny that the Plaintiff sustained damages; however, should it be found that the Plaintiff was damaged under the circumstances alleged, which is denied at all times, Defendants affirmatively show that such damage was caused solely and completely by an unavoidable accident for which Defendants cannot be held legally responsible.

### Thirteenth Defense

As a separate and complete defense and/or in the alternative, Defendants deny that the Plaintiff sustained any damages; however, should it be found that the Plaintiff was injured and/or damaged as alleged, which is denied at all times, Defendants affirmatively show that any such damage was caused by an Act of God, or *force majeure*, for which Defendants cannot be held legally responsible.

### Fourteenth Defense

As a separate and complete defense and/or in the alternative, Defendants deny that the Plaintiff sustained any damages and demand full proof of any damages Plaintiff avers were actually incurred.

### Fifteenth Defense

Defendant denies any alleged acts, omissions, or unseaworthy conditions, but to the extent such may be proven, Defendants deny that same were within the privity and/or knowledge of Defendants, and aver entitlement to the full protection of the Shipowners Limitation of Liability

Act, 46 U.S.C. §§ 30501 *et seq.*, including but not limited to the right to have the United States District Court sitting in admiralty assess the Defendants' liability, privity and/or knowledge *vel non,* and the right to have its liability, if any, limited to the value of the M/V NOR GOLIATH and her pending freight after the voyage.

### Sixteenth Defense

Defendants claim entitlement to defense, indemnity, coverage as an additional or named insured, contribution, set off, or any other such available remedy with respect to any party or non-party from whom Defendants may be owed such relief.

### Seventeenth Defense

Defendants plead each and every matter deemed an affirmative defense under the Federal Rules of Civil Procedure, including but not limited to all matters set forth in Fed. R. Civ. P. 8(c) and 12(b).

### Eighteenth Defense

Defendants plead each and every matter deemed a compulsory counter-claim, including but not limited to reimbursement of any costs and/or damages incurred by the Defendants in connection with the alleged transaction or occurrence out of which the Plaintiff's claims arise.

### Nineteenth Defense

In the further alternative, Defendants affirmatively show that the Plaintiff fails to make a *prima facie* case.

### Twentieth Defense

In the further alternative, and subject to the exceptive allegations and affirmative defenses set forth herein, Defendants deny each and every allegation set forth in the Complaint, except as the same may be hereinafter admitted or modified.  In further responding to the said allegations, Defendants aver as follows:

1.

The allegations of Article 1 of Plaintiff's Complaint are denied for a lack of information sufficient to justify a belief therein.

2.

The allegations of Article 2 of Plaintiff's Complaint are denied except to admit that the named Defendant is a foreign entity.

3.

The allegations of Article 3 of Plaintiff's Complaint are denied except to admit that the M/V NOR GOLIATH is a foreign-flag vessel.

4.

The allegations of Article 4 of Plaintiff's Complaint are admitted to the extent that the M/V NOR GOLIATH is currently within this Judicial District.

5.

The allegations of Article 5 of Plaintiff's Complaint call for a legal conclusion and require no response from the Defendants.

6.

The allegations of Article 6 of Plaintiff's Complaint are denied and/or denied for a lack of information sufficient to justify a belief therein.

7.

The allegations of Article 7 of Plaintiff's Complaint are denied and/or denied for a lack of information sufficient to justify a belief therein.

8.

The allegations of Article 8 of Plaintiff's Complaint are denied and/or denied for a lack of information sufficient to justify a belief therein.

9.

The allegations of Article 9 of Plaintiff's Complaint are denied and/or denied for a lack of information sufficient to justify a belief therein.

10.

The allegations of the "WHEREFORE" Article 6 and all other unnumbered Articles of Plaintiff's Complaint are denied.

## **THIRD PARTY DEMAND**

AND NOW, assuming the posture of Third Party Plaintiffs, the Defendants aver as follows:

1.

Made Third Party Defendant herein is Epic Companies, LLC ("Epic"), a Texas limited liability company domiciled at 1080 Eldridge Parkway, Suite 1300, Houston, Texas, 77077.

2.

At all material times, Epic was a charterer and the operator of the M/V NOR GOLIATH. Jurisdiction and venue with respect to Epic are proper in this District based on Epic's contacts with this District, the action brought by Arc, and the presence in this District of the M/V NOR GOLIATH, which was at all material times under charter to and being operated by Epic.

3.

At all material times, Epic had complete and total responsibility for the safe navigation and operation of the M/V NOR GOLIATH and the maintenance of the aforesaid vessel in good and seaworthy condition.

4.

At all material times, Epic had complete and total responsibility for payment for all of the necessaries of the M/V NOR GOLIATH, including but not limited to crew wages, bunkers, victuals, equipment, and any and all other expenses pertaining to the maintenance and/or operation

of the aforesaid vessel, and including but not limited to expenses and repairs such as those alleged to have been made by Arc in the instant matter.

5.

To the extent that Arc is entitled to recover any amount whatsoever for goods and/or services provided to the M/V NOR GOLIATH, for which Defendants demand full proof, then Goliath avers that Epic is liable for the payment of any and all such amounts.

6.

At all material times, Epic was party to a Time Charter of the M/V NOR GOLIATH with Magrem Investments Ltd. ("Magrem"), a foreign entity in Limassol, Cyprus. Magrem bareboat chartered the M/V NOR GOLIATH from Goliath in order to facilitate Magrem's time charter to Epic.  By agreement, Goliath was conveyed the right to "have a lien upon all equipment onboard the vessel…cargoes, sub-hires and sub-freights…".

7.

On information and belief, Epic has failed to pay the costs of its operation of the M/V NOR GOLIATH, including charter hire due to Goliath.  Accordingly, Goliath asserts its right, and hereby gives public notice, to lien all equipment on board the M/V GOLIATH placed or installed there for the operation of the vessel, including but not limited to a saturation diving system, bunkers, lines, rigging and other materials and/or appurtenances of the vessel.

8.

Goliath further makes demand on Epic for specific performance of its obligations as charterer and operator of the M/V NOR GOLIATH including but not limited to all past due charter hire and that it remain current prospectively.

9.

At all material times, Epic's charter of the M/V NOR GOLIATH was subject to a Charter

Guarantee in favor of Goliath Offshore Holdings PTE, Ltd. a true and correct copy of which is attached hereto as Exhibit "A".

10.

The Charter Guarantee obligates Epic to, *inter alia*, defend, indemnify, and hold harmless Goliath from and against any and all claims and/or damages, including but not limited to costs associated with the arrest and/or seizure of the M/V NOR GOLIATH and liens and/or claims of the nature of that asserted by Arc herein.

11.

Epic is liable unto the Defendants for any and all damages claimed in this proceeding, any and all costs associated with the seizure and arrest of the M/V NOR GOLIATH, and any and all other such amounts to which the Defendants may be entitled at law, in equity, or in admiralty, including all costs and attorneys' fees.

12.

Pursuant to Fed. R. Civ. P. 14(c), the Defendants hereby tender Epic to Arc for full payment of any and all damages owed to Arc and for recovery of any and all costs associated with the arrest and seizure of the M/V NOR GOLIATH.

WHEREFORE, after due proceedings are had, Defendants, M/V NOR GOLIATH, *in rem*, and GOLIATH OFFSHORE HOLDINGS PTE. LTD., *in personam*, respectfully pray that there be judgment in their favor and against Plaintiff, and/or that the Third Party Defendant be found liable and cast in Judgment for any and all recoverable damages and/or costs in any way associated with this proceeding.

Respectfully submitted:

s/James G. Wyly, III
James G. Wyly, III, MS Bar 7415
Phelps Dunbar LLP
2602 13th Street, Suite 300
Gulfport, Mississippi 39501
info@phelps.com
Telephone: (228) 679-1130
Facsimile: (228) 679-1131
E-Mail: jim.wyly@phelps.com

-and-

Miles P. Clements, T.A. (4184)
Joseph E. Lee III (26968)
Phelps Dunbar LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: (504) 566-1311
Facsimile: (504) 568-9130
E-Mail: miles.clements@phelps.com
josh.lee@phelps.com

Counsel for Defendants M/V NOR GOLIATH, *in rem*, and GOLIATH OFFSHORE HOLDINGS PTE. LTD., *in personam*

**Certificate of Service**

I HEREBY CERTIFY that, on the 17th day of July, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, that service was accomplished through the Notice of Electronic Filing on Filing Users, and that service was accomplished on any party or counsel who is not a Filing User by other means in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

s/James G. Wyly, III