UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ARC CONTROLS, INC.                                                                    PLAINTIFF

VERSUS                                                         CIVIL ACTION NO. 1:19CV391-LG-RHW

M/V NOR GOLIATH et al                                                            DEFENDANTS

## ORDER GRANTING MOTION TO PERMIT VESSEL MOVEMENT

Before the Court is Defendants' (M/V NOR GOLIATH and Goliath Offshore Holdings, Pte. Ltd) motion to permit movement of the M/V NOR GOLIATH (Vessel) and for consideration of the motion on an expedited basis. At Plaintiff Arc Controls, Inc.'s request, the United States Marshal seized the Vessel pursuant to writs of arrest and attachment. Defendants argue that the Vessel's current location, the Port of Gulfport, requires the M/V NOR GOLIATH to maintain on board a full crew and to exhaust bunkers to power the Vessel. The crew wages and consumption of bunkers increase the expense of the arrest of the Vessel and diminish potential funds to pay claimants. Defendants contend the Vessel would be able to dismiss a majority of the crew and avail herself of shore power if moved to the Port of Pascagoula. According to Defendants, moving the Vessel to the Port of Pascagoula would decrease costs by an estimated one-half to two-thirds. The Port of Pascagoula has indicated it is prepared to accept the Vessel at a berth at that port. Third-Party Defendant Epic Companies, LLC consents to the movement of the Vessel.

Plaintiff objects to movement of the Vessel. Plaintiff argues that Defendant's unreasonable delay in securing the release of the Vessel is causing the excessive expenses. Plaintiff asserts that Defendant has a duty to seek release of the property through Supplemental Admiralty Rule E(5) by giving appropriate security approved by the Court. Otherwise, Plaintiff

argues that, pursuant to Supplemental Admiralty Rule E(9)(a), the Court should order an interlocutory sale of the Vessel, with sale proceeds to be paid in to the Court pending outcome of the present litigation.

The Court finds Defendants' motion should be granted. Defendants present a reasonable request to move the Vessel as a cost-saving measure. Plaintiff offers no counter-argument against moving the Vessel as a cost-saving measure. Whether the Vessel should be released or subject to an interlocutory sale at some future time are matters for separate motions.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' [38] Motion to Permit Vessel Movement is GRANTED.

IT IS FURTHER ORDERED that the M/V NOR GOLIATH is granted permission to move from its present berth in the Port of Gulfport to the proposed berth in the Port of Pascagoula.

IT IS FURTHER ORDERED that the M/V NOR GOLIATH remains under arrest, and that the Vessel shall not be allowed to depart from this District without leave of Court, which shall retain jurisdiction in this matter.

SO ORDERED AND ADJUDGED, this the 26th day of 2019.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE