IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| ARC CONTROLS, INC. | |
| VERSUS | CASE NO. 1:19-cv-00391-LG-RHW |
| M/V NOR GOLIATH, *IN REM*, AND GOLIATH OFFSHORE HOLDINGS, PTE. LTD. | |

## VERIFIED COMPLAINT IN INTERVENTION

Pursuant to Local Rule E(3)(a),[1] intervening plaintiff, Candy Apple, L.L.C. ("Candy Apple"), a limited liability company organized under the laws of State of Louisiana, by and through its undersigned counsel, brings this Verified Intervening Complaint against the M/V NOR GOLIATH, IMO Number 9396933, her engines, tackle, apparel, equipment, appurtenances, etc., *in rem* (collectively, M/V NOR GOLIATH"), and Goliath Offshore Holdings, Pte. Ltd., *in personam* ("Goliath") and avers as follows:

---

[1] It does not appear that the motion for leave to intervene is required. L.A.R. E(3)(a) provides, in pertinent part:

> [A]ny person with a claim against a vessel or property which has been arrested or attached may, as a matter of right, file an intervening complaint at any time before entry of an order scheduling the vessel or property for sale. The intervening party must also prepare and submit to the clerk a supplemental warrant for arrest or a supplemental process of attachment and garnishment.
>
> The clerk will file the intervening complaint and issue the supplemental process. The intervening party must deliver a copy of the intervening complaint and the original of the supplemental process to the United States Marshal, who will re-arrest or re-attach the vessel or property in the name of the intervening plaintiff.

1.

This Court has jurisdiction pursuant to 28 U.S.C. §1333, 28 U.S.C. §1331 and 46 U.S.C. §10313. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims. Venue is also proper in this district in accordance with 28 U.S.C. § 1391(b)(2) and (d) and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2.

Upon information and belief, defendant, Goliath Offshore Holdings, Pte. Ltd. was and is now a Singaporean corporation with its principal place of business in Singapore.

3.

Defendant *in rem* the M/V NOR GOLIATH is a Marshall Islands flagged vessel, which is now and will be afloat upon the navigable waters of the United States and within the jurisdiction of this Honorable Court, and which has previously (on information and belief) been arrested by the United States Marshal pursuant to a warrant of arrest issued by this Court.

4.

Operator Epic Applied Technologies, LLC and Epic Companies, LLC (collectively "EPIC")[2] and/or the owner or charterer of the M/V NOR GOLIATH or its authorized agent, through broker Kilgore Marine Services, L.L.C. ("Kilgore"), chartered Candy Apple's vessel, the M/V CANDY APPLE, to transport fuel, crewmembers, and other materials to the M/V NOR GOLIATH commencing in May 2019. Copies of invoices for transportation services totaling a principal amount of $127,248 are attached *in globo* as Exhibit A.

---

[2] While Epic has filed for bankruptcy protections, per the Court's September 19, 2019 minute entry, it appears that the debtor is not asserting rights to the vessel M/V NOR GOLIATH and that the automatic stay of 11 U.S.C. § 362 in no longer applicable so that this action can proceed against the vessel in rem.

5.

In addition to the foregoing transportation services, Candy Apple's vessel M/V CANDY APPLE incurred unreimbursed fuel expenses in the principal amount of $86,039.30 for fuel provided to the M/V NOR GOLIATH. Such fuel was provided by Dan Bunkering (America), Inc. ("DAN"). DAN has asserted a maritime lien against the M/V CANDY APPLE and filed a suit against the M/V CANDY APPLE, *in rem*, and Candy Apple, *in personam*, seeking collection of the aforesaid fuel charges in the matter entitled *Dan Bunkering (America), Inc. v. CANDY APPLE in rem, et al.*, bearing Civil Action No. 19-00943, in the U.S. District Court for the Western District of Louisiana. Candy Apple and M/V CANDY APPLE are entitled to receive payment of the principal amount of $86,039.30 by M/V NOR GOLIATH for such fuel expenses and any other fees and costs awarded to DAN.

6.

Candy Apple reserves the right to amend and supplement its claims to include additional ongoing and accrued unpaid invoiced amounts.

7.

The pre-arrest fuel and transportation services provided by Candy Apple to the M/V NOR GOLIATH were necessary for the operations of the M/V NOR GOLIATH, and have a total value in the principal amount of $213,287.30 and in the further amounts of additional invoices that have been, or may become issued, for services rendered to the M/V NOR GOLIATH (exclusive of interest, costs, and attorney's fees), none of which has been paid, despite amicable demand.

8.

The operator, owner, and/or charterer of the M/V NOR GOLIATH or its/their authorized agent has/have failed to make payments to Candy Apple for such fuel and transportation services.

9.

As shown by the attached Verifying Declaration, the foregoing allegations are true and correct and within the admiralty jurisdiction of this Court.

10.

Pursuant to the general maritime law and the Federal Commercial Instruments and Maritime Lien Act (46 U.S.C. §31341 *et seq.*), Candy Apple has one or more maritime liens against the M/V NOR GOLIATH totaling $213,287.30 plus additional ongoing and accruing amounts due, pre-judgment and post-judgment interest, costs, attorney's fees, and collection expenses.

11.

Pursuant to Rule C of the Supplemental Rules of Certain Admiralty and Maritime Claims, Candy Apple is entitled to recognition of its maritime liens against the M/V NOR GOLIATH, which is currently arrested pursuant to the Court's issuance of a warrant of arrest in this matter on July 12, 2019 (R. Doc. 5); and is likewise entitled to intervene herein *in rem* and *in personam* (pursuant to Rule 24 of the Federal Rules of Civil Procedure); and seeks a judgment enforcing its maritime liens against the M/V NOR GOLIATH in preference and priority over all other claimants.

WHEREFORE, Candy Apple prays:

1. That this Court enter a judgment *in personam* in favor of Candy Apple and against Goliath in the principal amount of $213,287.30, together with pre-judgment and post-judgment interest, expenses, attorney's fees and costs;

2. That process in due form of law according to the rules and practices of this Court, in causes of admiralty and maritime jurisdiction, may issue against the M/V NOR GOLIATH, IMO Number 9396933, her engines, tackle, apparel, equipment, appurtenances, etc., *in rem*, and that all persons having or claiming an interest therein may cited to appear and answer, the matters aforesaid;

3. That this Court enter a judgment *in rem* in favor of Candy Apple in the principal amount of $213,287.30, together with pre-judgment and post-judgment interest and costs, and that the M/V NOR GOLIATH, her engines, tackle, apparel, equipment, appurtenances, etc., in rem, be condemned and sold to satisfy said judgment;

4. For any and all other general and equitable relief to which it may be entitled.

This the 30th day of September, 2019.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, P.C.**

By: */s/ Samuel D. Gregory*
**SAMUEL D. GREGORY**
Alan W. Smith (MS Bar No.10345)
asmith@bakerdonelson.com
Samuel D. Gregory (MS Bar No. 104563)
sdgregory@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
MAILING: Post Office Box 14167
Jackson, Mississippi 39236-4167
PHYSICAL: One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi 39211
Telephone: (601) 351-2400

**ATTORNEYS FOR CANDY APPLE, LLC**

## CERTIFICATE OF SERVICE

I, Samuel D. Gregory, do hereby certify that on this day the foregoing document was entered into the court's electronic filing system and served on all counsel of record.

This the 30th day of September, 2019.

*/s/ Samuel D. Gregory*
**SAMUEL D. GREGORY**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| ARC CONTROLS, INC. | |
|---|---|
| VERSUS | CASE NO. 1:19-cv-00391-LG-RHW |
| M/V NOR GOLIATH, *IN REM*, AND GOLIATH OFFSHORE HOLDINGS, PTE. LTD. | |

## DECLARATION OF KENNETH I. NELKIN

According to the provisions of 28 U.S.C. §1746 and in lieu of an affidavit, Kenneth I. Nelkin, submits the following declaration:

1. I am over 18 years of age and competent to give testimony in this matter.

2. I have personal knowledge of all facts and circumstances in this Declaration.

3. I am currently, and was at all times pertinent to this matter, the Manager of Candy Apple, LLC ("Candy Apple").

4. In my capacity as Manager of Candy Apple, I am familiar with the circumstances giving rise to the maritime lien in favor of Candy Apple (described further length in Candy Apple's Complaint in Intervention), and am familiar with the history of Candy Apple's prior attempts to collect on the debt giving rise to the maritime lien.

5. In particular, I am familiar with the charter transportation services provided to Epic Applied Technologies, LLC and/or Epic Companies, LLC (collectively, "EPIC") as operator of the M/V NOR GOLIATH and/or Goliath Offshore Holdings, Pte. Ltd., as owner of

the M/V NOR GOLIATH, through broker Kilgore Marine Services, L.L.C., for which invoices were sent to EPIC through Kilgore in the collective principal amount of $127,248.

6. I am also familiar with the unreimbursed fuel expenses that Candy Apple's vessel M/V CANDY APPLE incurred in the principal amount $86,039.30 for fuel provided to the M/V NOR GOLIATH. The fuel was provided by Dan Bunkering (America), Inc. ("DAN"). DAN has asserted a maritime lien against the M/V CANDY APPLE and filed a suit against the M/V CANDY APPLE, *in rem*, and Candy Apple, *in personam*, seeking collection of the aforesaid fuel charges in the matter entitled *Dan Bunkering (America), Inc. v. CANDY APPLE in rem, et al.*, bearing Civil Action No. 19-00943, in the U.S. District Court for the Western District of Louisiana.

7. The pre-arrest fuel and transportation services provided by the Candy Apple to the M/V NOR GOLIATH were necessary for the operations of the M/V NOR GOLIATH and have a total value in the principal amount of $213,287.30. None of this amount has been paid, despite amicable demand.

8. As a result, as per the advice of Candy Apple's counsel in this matter, Candy Apple has a valid maritime lien for the provision of necessaries (fuel and transportation services) to the M/V NOR GOLIATH pursuant to 46 U.S.C. § 31342.

9. I declare under penalty of perjury that the foregoing is true and correct, executed on this 27 day of September, 2019.

_Kenneth J. Nelkin_
Kenneth I. Nelkin

2

4842-3381-9553v1
2900028-000010 09/27/2019