UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

ARC CONTROLS, INC

VERSUS                                             Case No.: 1:19-cv-00391-LG-RHW

M/V NOR GOLIATH., *In Rem*, and           FRCP 9(h)
GOLIATH OFFSHORE HOLDINGS              In Admiralty
PTE. LTD, *In Personam*

## BRIEF IN SUPPORT OF MOTION FOR INTERLOCUTORY SALE OF VESSEL

COMES NOW Plaintiff-Intervener Oceanwide Cyprus, Ltd. ("Oceanwide") in the above-styled action, and files this Brief in Support of its Motion for Interlocutory Sale of the M/V NOR GOLIATH, saying as follows:

1. Pursuant to Supplemental Admiralty Rule E(9), an interlocutory sale of property is appropriate where:

> (A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action;
>
> (B) the expense of keeping the property is excessive or disproportionate; or
>
> (C) there is an unreasonable delay in securing release of the property.

2. Plaintiff need only demonstrate that one of these conditions is present to justify an interlocutory sale of the vessel. *20th Century Fox Film Corp. v. M.V. Ship Agencies*, 992 F. Supp. 1434, 1437 (M.D. Fla. 1997). In the instant case, sale is appropriate as (1) the expense of keeping the property is excessive or disproportionate to the Plaintiff's damages, and (2) despite appearance in these proceedings and representations to the Court, the owner of the NOR GOLIATH has failed to seek the release of the property.

3. The vessel M/V NOR GOLIATH was arrested by the United States Marshal on July 12, 2019. *See* Doc. 26 (U.S. Marshal's Process Receipt and Return).

42191043 v1

4.	Oceanwide Cyprus, Ltd. filed its Intervenor Complaint (Doc. 13), and the U.S. Marshal "re-arrested" the NOR GOLIATH upon motion of Oceanwide on July 19, 2019. *See* Doc. 46 (U.S. Marshal's Process Receipt and Return).

5.	Counsel for the *In Rem* Defendant (M/V NOR GOLIATH) and the vessel's apparent owner (Goliath Offshore Holdings PTE, LTD), have appeared in this case by filing (1) Motion to Permit Vessel Movement (Doc. 38), and (2) Motion to Modify Arrest to Return Third-Party Equipment (Doc. 103).

6.	However, the owner of the NOR GOLIATH has failed to seek the vessel's release, despite indicating that it was planning to do so. *See* "Minute Entry" dated September 19, 2019 (noting statement from NOR GOLIATH's counsel that process was underway to obtain bonds to secure release of vessel, and the process should take two weeks to conclude).

7.	As of today's date (October 16, 2019), no bonds have been posted to secure the claims herein and/or facilitate the release of the NOR GOLIATH. Furthermore, the time for the owner of the M/V GOLIATH to file a verified statement of right or interest has long since expired. Supplemental Admiralty Rule C(6)(a) requires that a person who asserts a right of possession or any ownership interest in the subject property must file a verified statement of such right or interest within fourteen (14) days after execution of process, or as otherwise allowed by the Court.

8.	On August 14, 2019, this Court ordered that public notice of the action and arrest be given in the Sun Herald (paper of general circulation in this District). *See* Doc. 85.

9.	Said public notice was made according to the Court's Order. *See* Doc. 146 (Proof of Publication). Pursuant to this Notice, any person having a claim or an interest in the NOR GOLIATH was required to file a claim with the Court no later than fourteen (14) days after the

final publication of the Notice; final publication occurred on August 31, 2019. The deadline for filing claims was September 14, 2019.

10. A substitute custodian was appointed on July 12, 2019. *See* Doc. 6. Charge for the substitute custodian is $840 per day or $5,880 per week. The NOR GOLIATH has been in the care of the substitute custodian since July 12, 2019 -- over twelve weeks -- incurring custodial fees in excess of $70,500. These costs will continue to accrue on a daily basis until the vessel is sold or, in the alternative, security is posted by the owner to secure the release of the vessel.

11. It is evident from the failure of the owner to seek release of the NOR GOLIATH that there is no real intention to do so, or the owner lacks the financial ability to do so.

12. A proposed order will be submitted for the Court's convenience.

WHEREFORE, Plaintiff respectfully moves the Court as follows:

a) That the vessel NOR GOLIATH, her hull, rigging, tackle, apparel, equipment, furniture, engines and all other appurtenances be condemned and sold, pursuant to Rule E(9) of the Supplemental Admiralty Rules of Civil Procedure, at public sale, free from all mortgages, liens and other encumbrances, to answer the prayers of the Complaint herein;

b) That the proceeds of such sale be held in the Registry of this Court pending final judgment in this cause;

c) That notice of sale be given by the United States Marshal in the Sun Herald, a newspaper of general circulation, which notice shall be published twice; the first publication to be made at least one calendar week before the date of the sale, and the second at least three calendar days before the date of sale, per Local Admiralty Rule E(16);

d) That the sale of the vessel be scheduled for date to be determined, to allow sufficient time for the sale of the vessel to be advertised by claimants herein;

e) That the successful bidder or bidders at such sale or any postponement thereof, except as set forth below, be required to deposit at least ten percent (10%) of the amount bid for the vessel with the United States Marshal on the date of sale, said deposit to be either by cash, cashier's check or certified check, and that such bidder or bidders be further required to deposit with the United States Marshal the balance of the sale price within three (3) business days, failing which the initial deposit shall forfeited;

f) That Oceanwide Cyprus, Ltd. be authorized to bid up to the amount claimed to be due it ($193,393.02) as set forth in the Verified Complaint (and confirmed by invoices attached thereto), without making any payment into the Court. *See* Doc. Nos. 13 and 13-1; and

g) For all other, further and necessary relief as justice may so require.

Done this the 16th day of October, 2019.

Respectfully submitted,

*s /John P. Kavanagh, Jr.*
John P. Kavanagh, Jr.
MS Bar #9499
E-mail:  jkavanagh@burr.com

Attorney for Intervenor
Oceanwide Cyprus, Ltd.

OF COUNSEL:
Burr & Forman LLP
RSA Tower
11 North Water Street, Suite 22200
Mobile, Alabama  36602
Telephone: (251) 344-5151
Facsimile: (251) 344-9696

42191043 v1

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 16th day of October, 2019, I have served a copy of the foregoing documents by electronically filing same with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Herman F. Cox, Jr.<br>Evan N. Parrott<br>Jaime W. Betbeze<br>MAYNARD, COOPER & GALE, PC - Mobile<br>11 North Water Street, Suite 24290<br>Mobile, AL 36602 | James G. Wyly, III<br>Drury Sumner Holland<br>PHELPS DUNBAR, LLP - Gulfport<br>2602 13th Street, Suite 300<br>Gulfport, MS 39501 |
| Gerard J. Dragna<br>Andre J. Mouledoux<br>Trevor M. Cutaiar<br>MOULEDOUX, BLAND, LEGRAND, & BRACKETT, LLC<br>701 Poydras St., Suite 4250<br>New Orleans, LA 70139 | Michael Clark McCabe, Jr.<br>BUTLER SNOW LLP-Gulfport<br>P.O. Drawer 4248<br>1300 25th Avenue, Suite 204 (39501)<br>Gulfport, MS 39502-4248 |
| George Robert Parrott, II<br>Matthew Charles Guy<br>ADAMS AND REESE, LLP - New Orleans<br>One Shell Square<br>701 Poydras Street, Suite 4500<br>New Orleans, LA 70139 | James E. Rogers<br>Scott D. Marrs<br>Brian T. Bagley<br>AKERMAN, LLP<br>1300 Post Oak Blvd., Suite 2500<br>Houston, TX 77056 |
| Lee Morgan Peacocke<br>Joseph P. Tynan<br>Susan G. Keller-Garcia<br>LEWIS, BRISBOIS, BISGAARD & SMITH, LLP - New Orleans<br>400 Poydras Street - Suite 1300<br>New Orleans, LA 70130 | Michael J. Thompson, Jr.<br>THOMPSON LAW OFFICE, PLLC - Gulfport<br>P. O. Box 280<br>Gulfport, MS 39502 |
| Ronald J. Kitto<br>Terrence Kent Knister<br>GORDON, ARATA, MONTGOMERY, BARNETT, MCCOLLAM, DUPLANTIS & EAGAN, LLC<br>201 St. Charles Ave., Suite 4000<br>New Orleans, LA 70170-4000 | Tristan Russell Armer<br>HEIDELBERG, STEINBERGER, COLMER & BURROW, PA-Pascagoula<br>P.O. Box 1407<br>711 Delmas (39568)<br>Pascagoula, MS 39568-1407 |

42191043 v1

| | |
|---|---|
| Scott D. Stevens<br>STARNES DAVIS FLORIE, LLP - Mobile<br>P. O. Box 1548<br>11 N. Water St., Suite 2090 (36602)<br>Mobile, AL 36633-1548 | Richard P. Salloum<br>FRANKE & SALLOUM, PLLC<br>P. O. Drawer 460<br>10071 Lorraine Road (39503)<br>Gulfport, MS 39502 |
| Conor T. Lutkewitte<br>Thomas J. Lutkewitte<br>FAVRET, DEMAREST, RUSSO, LUTKEWITTE & SCHAUMBURG<br>1515 Poydras St., Suite 1400<br>New Orleans, LA 70112 | Samuel D. Gregory<br>BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC - Jackson<br>One Eastover Center<br>100 Vision Drive, Suite 400<br>P. O. Box 14167 (39236-4167)<br>Jackson, MS 39211 |
| Joseph E. Lee, III<br>Miles P. Clements<br>Zachary J. Ardoin<br>PHELPS DUNBAR, LLP - New Orleans<br>365 Canal Street, Suite 2000<br>New Orleans, LA 70130-6534 | Kristina Crosswell Johnson<br>JONES WALKER, LLP - Jackson<br>190 East Capitol St., Suite 800 (39201)<br>P. O. Box 427<br>Jackson, MS 39205-0427 |

                                        *s/ John P. Kavanagh, Jr.*
                                        COUNSEL