IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ARC CONTROLS, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. 1:19-cv-391-LG-RHW |
| | ) | |
| M/V NOR GOLIATH, *in rem*, and | ) | *Consolidated with:* |
| GOLIATH OFFSHORE HOLDINGS | ) | CASE NO. 1:19-cv-395-HSO-JCG |
| PTE. LTD., *in personam* | ) | |
| _____ | ) | |

**MEMORANDUM IN SUPPORT OF**
**UNOPPOSED MOTION FOR ENTRY OF DEFAULT**

**MAY IT PLEASE THE COURT:**

Defendants M/V NOR GOLIATH, *in rem*, and Goliath Offshore holdings Pte. Ltd., *in personam* (collectively "Defendants" or "Goliath"), respectfully move this Honorable Court to enter an Order of Default against any party who in the future attempts to assert a claim and/or maritime lien against the M/V NOR GOLIATH in this suit for events arising from the default of Epic Companies, LLC.

**Factual Background**

This case arises out of the disastrous default by Epic Companies, LLC ("Epic") on its financial obligations to Goliath, as well as to all the Epic Vendors who have appeared in this proceeding to arrest and lien Goliath's vessel. Epic was the charterer and the operator of the M/V NOR GOLIATH when Epic defaulted on its numerous obligations it incurred for its sole benefit during the voyage it conducted. Consequently, suit was filed in this Court against NOR GOLIATH, *in rem,* and Goliath Offshore Holdings PTE. Ltd. *in personam.* The M/V NOR GOLIATH was arrested in Gulfport, Mississippi on July 12, 2019. Goliath filed its Third Party

Claim against Epic, who promptly filed bankruptcy before answering and the case was stayed as to Epic.  Thereafter, NOR GOLIATH was re-arrested multiple times and numerous third-parties intervened and asserted liens for allegedly outstanding payments owed for various goods and services procured by Epic.  The vessel has since been moved to the Port of Pascagoula.

Notice of the vessel's arrest was published in the *Biloxi Sun Herald* on August 7, 14, and 21, 2019, pursuant to this Court's Order and L.A.R. C(4).  Rec. Doc. Nos. 85 and 146.  This provided notice to potential interested parties of causes of action and the maritime attachment and garnishment of the M/V NOR GOLIATH.  On October 16, 2019, Oceanwide Cyprus, Ltd. filed a Motion for Interlocutory Sale of the Vessel. Rec. Doc. No. 147.  On October 22, 2019, Goliath filed an Expedited Motion to Release Vessel by Owners Providing Counter-Surety Bond.  Rec. Doc. No. 154.  At a hearing held on November 22, 2019, the sale of the vessel was denied as moot and this Court ordered that a special bond be set at $3,921,000.00 pursuant to Rule (E)(5)(a) of the Supplemental Rule for Admiralty or Maritime Claims and the vessel was released from arrest. This was encapsulated in a written order issued by this Honorable Court on November 26, 2019. Rec. Doc. No. 187.

### <u>Argument</u>

It has now been over fourth months since the filing of this lawsuit and the arrest of the NOR Goliath on July 12, 2019, by the original Plaintiff in this matter, Arc Controls, Inc.  On August 26, 2019, Epic filed for Chapter 11 bankruptcy in the Southern District of Texas.  Due to the publicity of Epic's bankruptcy and the arrest of the NOR GOLIATH, along with the length of time that has passed since the occurrence of both of these events, any interested party has obtained, or with reasonable diligence should have obtained, adequate notice should they wish to pursue a claim or maritime lien arising from this matter.  The vessel has been recently released and a special

bond has been approved which covers the value of all maritime liens which have been alleged by the claimants in this lawsuit.  Thus, all parties to this proceeding agree that an entry of default should be issued as to any party who attempts to come forward in the future to assert a maritime claim against the NOR GOLIATH arising out of Epic's default.  That party should bear the burden of proving that good cause exists for the entry of default to be set aside as it pertains to their claim.

The only exception to this order of default should be Epic Companies, LLC.  As stated above, Epic was made a third-party defendant by Goliath.  Rec. Doc. No. 10.  Goliath was subsequently advised of a chapter 11 bankruptcy proceeding which Epic filed in Houston.  All parties agreed to a stay as to Epic in the recent proceedings and the default should not attach to Epic Companies, LLC, in light of the automatic stay of proceedings.

## <u>Conclusion</u>

Goliath respectfully requests this Honorable Court grant this Motion and enter an Order of Default against any party who attempts to assert a maritime lien past the date of the signing of the Order.

Respectfully submitted:

*/s/James G. Wyly, III*

James G. Wyly, III, MS Bar 7415
Phelps Dunbar LLP
2602 13th Street, Suite 300
Gulfport, Mississippi 39501
info@phelps.com
Telephone:     (228) 679-1130
Facsimile:     (228) 679-1131
E-Mail:          jim.wyly@phelps.com

-and-

Miles P. Clements, T.A. (4184)
Joseph E. Lee III (26968)
Zachary J. Ardoin (37575)
Phelps Dunbar LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana  70130
Telephone:     (504) 566-1311
Facsimile:     (504) 568-9130
E-Mail:          miles.clements@phelps.com
                      josh.lee@phelps.com

Counsel for Defendants M/V NOR GOLIATH, *in rem*, and GOLIATH OFFSHORE HOLDINGS PTE. LTD., *in personam*

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all parties by operation of the Court's electronic filing system.

*/s/James G. Wyly, III*