IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ARC CONTROLS, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | CASE NO. 1:19-cv-391-LG-RHW |
| | ) | |
| | ) | *Consolidated with:* |
| M/V NOR GOLIATH, *in rem*, and | ) | CASE NO. 1:19-cv-395-HSO-JCG |
| GOLIATH OFFSHORE HOLDINGS | ) | |
| PTE. LTD., *in personam* | ) | |
| _____ | ) | |

## ANSWER

NOW COMES Defendant, M/V NOR GOLIATH, *in rem*, ("Defendant" or "Goliath"), and answers as follows the averments of the Complaint filed by Plaintiffs-in-Intervention, McAllister Towing of New York, LLC, Central Boat Rentals, Inc., Offshore Towing, Inc. and Global Towing Service, LLC (collectively "Plaintiffs"):

### First Defense

As a separate and complete defense, and/or in the alternative, Plaintiffs' claims are prescribed, perempted, subject to a statute of limitations or repose, or otherwise time-barred.

### Second Defense

The allegations of the Complaint are vague and ambiguous, and moreover contain no allegations of fault, negligence, or other liability against Defendant.

### Third Defense

As a separate and complete defense, and/or in the alternative, the allegations of the Complaint fail to establish a cause of action against Defendant or otherwise state a claim upon which relief can be granted.

## Fourth Defense

As a separate and complete defense, and/or in the alternative, the allegations of the Complaint fail to establish that Plaintiffs have any right of action against Defendant or the procedural capacity to maintain a claim against Defendant.

## Fifth Defense

As a separate and complete defense, and/or in the alternative, the venue is improper.

## Sixth Defense

As a separate and complete defense, and/or in the alternative, the Court lacks *in personam* jurisdiction over Defendant.

## Seventh Defense

As a separate and complete defense, and/or in the alternative, Defendant objects to the sufficiency of citation, process, and/or service.

## Eighth Defense

As a separate and complete defense, and/or in the alternative, to the extent the Plaintiffs have suffered any damages, which is denied, said damages are the sole result of the Plaintiffs' own fault and/or negligence, and/or in the alternative any recovery to which the Plaintiffs may be entitled must be reduced in proportion to the Plaintiffs' own contributory negligence.

## Ninth Defense

As a separate and complete defense, and/or in the alternative, to the extent the Plaintiffs have suffered any damages, which is denied, said damages are the result of persons or entities other than Defendant or over whom Defendant had no control and for whom Defendant bears no liability.

## Tenth Defense

As a separate and complete defense, and/or in the alternative, to the extent the Plaintiffs have sustained any damages, which is denied, the Plaintiffs have failed to mitigate said damages.

## Eleventh Defense

As a separate and complete defense, and/or in the alternative, Defendant affirmatively shows that the Plaintiffs sustained no damages as the result of any breach of legal duty owed by Defendant for which the Plaintiffs may recover any amounts whatsoever.

## Twelfth Defense

As a separate and complete defense and/or in the alternative, Defendant denies that the Plaintiffs sustained damages; however, should it be found that the Plaintiffs were damaged under the circumstances alleged, which is denied at all times, Defendant affirmatively shows that such damage was caused solely and completely by an unavoidable accident for which Defendant cannot be held legally responsible.

## Thirteenth Defense

As a separate and complete defense and/or in the alternative, Defendant denies that the Plaintiffs sustained any damages; however, should it be found that the Plaintiffs were injured and/or damaged as alleged, which is denied at all times, Defendant affirmatively shows that any such damage was caused by an Act of God, or *force majeure*, for which Defendant cannot be held legally responsible.

## Fourteenth Defense

As a separate and complete defense and/or in the alternative, Defendant denies that the Plaintiffs sustained any damages and demand full proof of any damages Plaintiffs aver were actually incurred.

## Fifteenth Defense

Defendant denies any alleged acts, omissions, or unseaworthy conditions, but to the extent such may be proven, Defendant denies that same were within the privity and/or knowledge of Defendant, and avers entitlement to the full protection of the Shipowners Limitation of Liability Act, 46 U.S.C. §§ 30501 *et seq.*, including but not limited to the right to have the United States District Court sitting in admiralty assess the Defendant's liability, privity and/or knowledge *vel non,* and the right to have its liability, if any, limited to the value of the M/V NOR GOLIATH and her pending freight after the voyage.

## Sixteenth Defense

Defendant claims entitlement to defense, indemnity, coverage as an additional or named insured, contribution, set off, or any other such available remedy with respect to any party or non-party from whom Defendant may be owed such relief.

## Seventeenth Defense

Defendant pleads each and every matter deemed an affirmative defense under the Federal Rules of Civil Procedure, including but not limited to all matters set forth in Fed. R. Civ. P. 8(c) and 12(b).

## Eighteenth Defense

Defendant pleads each and every matter deemed a compulsory counter-claim, including but not limited to reimbursement of any costs and/or damages incurred by the Defendant in connection with the alleged transaction or occurrence out of which the Plaintiffs' claims arise.

## Nineteenth Defense

In the further alternative, Defendant affirmatively shows that the Plaintiffs fails to make a *prima facie* case.

## **Twentieth Defense**

In the further alternative, and subject to the exceptive allegations and affirmative defenses set forth herein, Defendant denies each and every allegation set forth in the Complaint, except as the same may be hereinafter admitted or modified. In further responding to the said allegations, Defendant avers as follows:

1.

The allegations of Article 1 of Plaintiffs' Complaint call for a legal conclusion and require no response from the Defendant.

2.

The allegations of Article 2 of Plaintiffs' Complaint are denied for lack of information sufficient to justify a belief therein.

3.

The allegations of Article 3 of Plaintiffs' Complaint are denied for lack of information sufficient to justify a belief therein.

4.

The allegations of Article 4 of Plaintiffs' Complaint are denied and/or denied for a lack of information sufficient to justify a belief therein.

5.

The allegations of Article 5 of Plaintiffs' Complaint are denied except to admit that the M/V NOR GOLIATH is a foreign-flag vessel and is currently within this Judicial District.

6.

The allegations of Article 6 of Plaintiffs' Complaint are denied and/or denied for a lack of information sufficient to justify a belief therein.

7.

The allegations of Article 7 of Plaintiffs' Complaint are denied.

8.

The allegations of Article 8 of Plaintiffs' Complaint are denied and/or denied for a lack of information sufficient to justify a belief therein.

9.

The allegations of Article 9 of Plaintiffs' Complaint are denied and/or denied for a lack of information sufficient to justify a belief therein.

10.

The allegations of Article 10 of Plaintiffs' Complaint are denied.

11.

The allegations of Article 11 of Plaintiffs' Complaint are denied and/or denied for a lack of information sufficient to justify a belief therein.

12.

The allegations of Article 12 of Plaintiffs' Complaint are denied and/or denied for a lack of information sufficient to justify a belief therein.

13.

The allegations of Article 13 of Plaintiffs' Complaint are denied.

14.

The allegations of Article 14 of Plaintiffs' Complaint are denied and/or denied for a lack of information sufficient to justify a belief therein.

15.

The allegations of Article 15 of Plaintiffs' Complaint are denied and/or denied for a lack of information sufficient to justify a belief therein.

16.

The allegations of Article 16 of Plaintiffs' Complaint are denied.

17.

The allegations of Article 17 of Plaintiffs' Complaint are denied.

18.

The allegations of Article 18 of Plaintiffs' Complaint are denied.

19.

The allegations of Article 19 of Plaintiffs' Complaint are denied.

20.

The allegations of Article 20 of Plaintiffs' Complaint are denied and/or denied for a lack of information sufficient to justify a belief therein.

21.

The allegations of the "WHEREFORE" Article, its subparts, and all other unnumbered Articles of Plaintiffs' Complaint are denied..

WHEREFORE, Defendant prays that this Answer be deemed good and sufficient and that, after due proceedings are had, Defendant, M/V NOR GOLIATH, *in rem*, have the Court enter judgment in its favor and against Plaintiffs, dismissing Plaintiffs' Complaint at their cost and for reimbursement of attorneys' fees and costs expended in defending the action and for all other just and equitable relief as this Court deems proper. Alternatively, Defendant prays that the Third Party Defendant, Epic Companies, LLC, be tendered to Plaintiffs pursuant to Fed. R. Civ. P. 14(c),

and be found liable and cast in Judgment for any and all recoverable damages and/or costs in any way associated with this proceeding.

Respectfully submitted:

s/James G. Wyly, III
James G. Wyly, III, MS Bar 7415
Phelps Dunbar LLP
2602 13th Street, Suite 300
Gulfport, Mississippi 39501
info@phelps.com
Telephone:    (228) 679-1130
Facsimile:    (228) 679-1131
E-Mail:       jim.wyly@phelps.com

-and-

Miles P. Clements, T.A. (4184)
Joseph E. Lee III (26968)
Phelps Dunbar LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana  70130
Telephone:    (504) 566-1311
Facsimile:    (504) 568-9130
E-Mail:       miles.clements@phelps.com
              josh.lee@phelps.com

Counsel for Defendant,
M/V NOR GOLIATH, *in rem*.

## Certificate of Service

I HEREBY CERTIFY that, on the 20th day of December, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, that service was accomplished through the Notice of Electronic Filing on Filing Users, and that service was accomplished on any party or counsel who is not a Filing User by other means in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

s/James G. Wyly, III