# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

ARC CONTROLS, INC

VERSUS                                             Case No.: 1:19-cv-00391-LG-RHW

M/V NOR GOLIATH., *In Rem*, and        FRCP 9(h)
GOLIATH OFFSHORE HOLDINGS         In Admiralty
PTE. LTD, *In Personam*

## MEMORANDUM IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

COMES NOW, Plaintiff-Intervenor Oceanwide Cyprus, Ltd. ("Oceanwide") and files this Memorandum in Support of its Motion for Summary Judgment, per L.U.Civ.R. 7(b). As shown herein, there is no genuine issue of material fact, and judgment in favor of Oceanwide is due to be granted as a matter of law. Fed.R.Civ.P. 56(a).

## SUMMARY OF ARGUMENT

Pursuant to the general maritime law and the Federal Maritime Lien Act, 46 U.S.C. §§ 31301, *et seq.*, Oceanwide has one or more maritime liens against the M/V NOR GOLIATH to secure its claim of $218,108.95, plus interest, attorney's fees, and collection expenses. Oceanwide advanced the wages of seamen who worked aboard the NOR GOLIATH during the period of May 1, 2019 through July 22, 2019. As such, Oceanwide is entitled to a maritime lien of the same rank as those seamen.[1] This court has accepted a counter-security bond in the amount of $3,921,000 to cover all remaining claims against the NOR GOLIATH, including the claims of Oceanwide.

---

[1] The Court should note, however, that the bond posted to secure the release of the NOR GOLIATH is sufficient to cover the claims of all claimants herein. *See* Doc. 187 (Order approving bond); Doc. 183-1, at p. 2 fn. 1 (listing amounts sought by each claimant herein). Accordingly, it will not be necessary to "rank" liens, as there is sufficient security to pay same from bond/security posted.

Oceanwide has unquestionably provided the NOR GOLIATH with the services described in its Complaint, and Oceanwide possesses a maritime lien against the NOR GOLIATH. There being no dispute of material facts as to these salient points, Oceanwide is entitled to summary judgment and an award against the *in rem* Defendant – paid from the referenced bond – in the amount of $218,108.95.[2]

## NARRATIVE SUMMARY OF UNDISPUTED FACTS

At the request of Epic Companies, LLC ("EPIC"), the owner or charterer of the NOR GOLIATH or its authorized agent, Oceanwide provided necessary crew to the NOR GOLIATH during the period of May 1, 2019 through July 22, 2019. *See* Declaration of Theo Nieboer, at ¶¶ 3-4.[3] During that time, the crewmen earned wages for their service. Oceanwide paid the wages of each crewmember for their work on the NOR GOLIATH during the above-referenced timeframe. *Id.*, at ¶ 5. Copies of Oceanwide's invoices, in the total principle amount of $218,108.95, are attached to Mr. Nieboer's Declaration. *Id.*, at ¶¶ 5-6.

The services provided by Oceanwide to the NOR GOLIATH were necessary for the operations of the vessel in its ordinary trade, and have a fair market value in the total principle amount of $218,108.95, none of which has been paid despite demand therefore. *Id.*, at ¶ 4.

## ARGUMENT

**1.  Summary Judgment Standard**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact

---

[2] Oceanwide reserves the right to file a supplemental brief and evidentiary materials demonstrating the amount of these damages – in excess of its principle claim of $218,108.95 – if and when its Motion for Summary Judgment is granted.

[3] The Declaration of Theo Nieboer was submitted with Oceanwide's Motion for Summary Judgment. *See* Doc. 207-1.

and that the movant is entitled to judgment as a matter of law." *Smithy v. Kroger Co.,* 2018 WL 3384305, at *1 (N.D. Miss. July 11, 2018) (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 322, (1986), Fed. R. Civ. P. 56(a)). The moving party bears the burden of showing there is no genuine issue of material fact. *Celotex,* 477 U.S. at 325.

Once the moving party carries its burden, the nonmovant must present evidence that there is a genuine issue of fact for trial. *Id.* at 323-24. The Court "resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Smithy*, at *1 (*quoting Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013)). "[T]he nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Smithy*, at *1 (internal citations omitted).

### 2. Oceanwide's has a Priority Lien Against the NOR GOLIATH

The cases and authorities definitely establish that "seamen's wage liens are especially favored and are found in the first class of order." *Fredelos v. Merritt-Chapman & Scott Corp.,* 447 F.2d 435, 439 (5th Cir. 1971) (internal citations omitted). Furthermore, one who advances funds used to discharge such a lien can bring an *in rem* claim against the vessel for those wages. *See, e.g., Medina v. Marvirazon Compania Naviera, S.A.,* 709 F.2d 124, 125 (1st Cir.1983) (citing *Sasportes v. M/V Sol de Copacabana,* 581 F.2d 1204, 1207 (5th Cir.1978); G. Gilmore & C. Black, The Law of Admiralty §§ 9–20, 9–21 (2d ed. 1975) and 2 Benedict on Admiralty §§ 32, 33 (7th ed. 1982)). Those who advance money to pay crew's wages are entitled to a maritime lien of the same rank. *In re Good Ship Appledore, Ltd*., 122 B.R. 821, 829 (Bankr. D. Me. 1990); *Medina v. Marvirazon Compania Naviera, S.A.,* 533 F.Supp. 1279, 1286 (D.Mass.1982), *Aff'd* 709 F.2d 124 (1st Cir.1983).

It is undisputed that Oceanwide provided the NOR GOLIATH with necessary crew during the period of May 1, 2019 through July 22, 2019, and that Oceanwide advanced the wages of those crewmen. Oceanwide has provided specific wage totals for each individual crewman and has shown affirmatively that the funds were paid to these crewmen as wages for their service on the NOR GOLIATH during the above-referenced time period. *See* Declaration of Theo Nieboer (Doc. 207-1). Oceanwide has demonstrated that neither the NOR GOLIATH nor any of its owners, agents, or representatives have satisfied Oceanwide's claim for the advancement of the crewmen's wages. *Id*. Accordingly, Oceanwide has made a prima facie showing to substantiate the claims outlined in its Amended Complaint in Intervention against the NOR GOLIATH. *See* Doc. 172. As such, Oceanwide is entitled to summary judgment as to its claims against the NOR GOLIATH and to be awarded damages in the amount of $218,108.95 plus interest, costs, and attorney's fees.

## **CONCLUSION**

WHEREFORE, based on the foregoing arguments and authorities, Plaintiff-Intervener Oceanwide Cyprus, Ltd.'s Motion for Summary Judgment is due to be granted and Oceanwide Cyprus, Ltd. should be awarded damages in the amount of $218,108.95 plus interest, costs and attorney's fees.[4]

Done this the 31st day of January, 2020.

                                                                Respectfully submitted,

                                                                *s/John P. Kavanagh, Jr.*
                                                                John P. Kavanagh, Jr.
                                                                MS Bar #9499
                                                                E-mail:jkavanagh@burr.com
                                                                Attorney for Plaintiff-Intervenor
                                                                Oceanwide Cyprus, Ltd.

OF COUNSEL:

---

[4] Oceanwide reserves the right and ability to submit further evidentiary materials to demonstrate the amount of interest, costs and attorney's fees it may recover in the event the instant motion is granted.

Burr & Forman LLP
RSA Tower
11 North Water Street
Suite 22200
Mobile, Alabama 36602
Telephone: (251) 344-5151
Facsimile: (251) 344-9696

# CERTIFICATE OF SERVICE

      I hereby certify that on this 31st day of January, 2020, I have served a copy of the foregoing documents by electronically filing same with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Herman F. Cox, Jr.<br>Evan N. Parrott<br>Jaime W. Betbeze<br>MAYNARD, COOPER & GALE, PC - Mobile<br>11 North Water Street, Suite 24290<br>Mobile, AL 36602 | James G. Wyly, III<br>Drury Sumner Holland<br>PHELPS DUNBAR, LLP - Gulfport<br>2602 13th Street, Suite 300<br>Gulfport, MS 39501 |
| Gerard J. Dragna<br>Andre J. Mouledoux<br>Trevor M. Cutaiar<br>MOULEDOUX, BLAND, LEGRAND, & BRACKETT, LLC<br>701 Poydras St., Suite 4250<br>New Orleans, LA 70139 | Michael Clark McCabe, Jr.<br>BUTLER SNOW LLP-Gulfport<br>P.O. Drawer 4248<br>1300 25th Avenue, Suite 204 (39501)<br>Gulfport, MS 39502-4248 |
| George Robert Parrott, II<br>Matthew Charles Guy<br>ADAMS AND REESE, LLP - New Orleans<br>One Shell Square<br>701 Poydras Street, Suite 4500<br>New Orleans, LA 70139 | James E. Rogers<br>Scott D. Marrs<br>Brian T. Bagley<br>AKERMAN, LLP<br>1300 Post Oak Blvd., Suite 2500<br>Houston, TX 77056 |
| Lee Morgan Peacocke<br>Joseph P. Tynan<br>Susan G. Keller-Garcia<br>LEWIS, BRISBOIS, BISGAARD & SMITH, LLP - New Orleans<br>400 Poydras Street - Suite 1300<br>New Orleans, LA 70130 | Michael J. Thompson, Jr.<br>THOMPSON LAW OFFICE, PLLC - Gulfport<br>P. O. Box 280<br>Gulfport, MS 39502 |

| | |
|---|---|
| Ronald J. Kitto<br>Terrence Kent Knister<br>GORDON, ARATA, MONTGOMERY,<br>BARNETT, MCCOLLAM, DUPLANTIS &<br>EAGAN, LLC<br>201 St. Charles Ave., Suite 4000<br>New Orleans, LA 70170-4000 | Tristan Russell Armer<br>HEIDELBERG, STEINBERGER, COLMER<br>& BURROW, PA-Pascagoula<br>P.O. Box 1407<br>711 Delmas (39568)<br>Pascagoula, MS 39568-1407 |
| Scott D. Stevens<br>STARNES DAVIS FLORIE, LLP - Mobile<br>P. O. Box 1548<br>11 N. Water St., Suite 2090 (36602)<br>Mobile, AL 36633-1548 | Richard P. Salloum<br>FRANKE & SALLOUM, PLLC<br>P. O. Drawer 460<br>10071 Lorraine Road (39503)<br>Gulfport, MS 39502 |
| Conor T. Lutkewitte<br>Thomas J. Lutkewitte<br>FAVRET, DEMAREST, RUSSO,<br>LUTKEWITTE & SCHAUMBURG<br>1515 Poydras St., Suite 1400<br>New Orleans, LA 70112 | Samuel D. Gregory<br>BAKER, DONELSON, BEARMAN,<br>CALDWELL & BERKOWITZ, PC - Jackson<br>One Eastover Center<br>100 Vision Drive, Suite 400<br>P. O. Box 14167 (39236-4167)<br>Jackson, MS 39211 |
| Joseph E. Lee, III<br>Miles P. Clements<br>Zachary J. Ardoin<br>PHELPS DUNBAR, LLP - New Orleans<br>365 Canal Street, Suite 2000<br>New Orleans, LA 70130-6534 | Kristina Crosswell Johnson<br>JONES WALKER, LLP - Jackson<br>190 East Capitol St., Suite 800 (39201)<br>P. O. Box 427<br>Jackson, MS 39205-0427 |

                                              *s/John P. Kavanagh, Jr.*
                                              OF COUNSEL