IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ARC CONTROLS, INC., § | | |
| § | | |
| *Plaintiff,* § | | |
| v. § | CASE NO.: 1:19-CV-0391-LG-RHW | |
| § | | |
| M/V NOR GOLIATH, *in rem*, and § | IN ADMIRALTY | |
| GOLIATH OFFSHORE HOLDINGS PTE. § | | |
| LTD, *in personam*, § | | |
| § | | |
| *Defendants.* § | | |

**PLAINTIFF-IN-INTERVENTION CYPRESS PIPELINE AND PROCESS SERVICES, LLC'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiff-in-Intervention Cypress Pipeline and Process Services, LLC ("Cypress") respectfully submits this memorandum of law in support of its motion for summary judgment enforcing maritime liens in favor of Cypress against the M/V NOR GOLIATH ("M/V GOLIATH"), *in rem*, and Goliath Offshore Holdings PTE. Ltd ("Goliath"), *in personam*, pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, Cypress's motion should be granted in all respects.

**SUMMARY**

Cypress satisfies the requirements of the Maritime Commercial Instruments and Liens Act, 46 U.S.C. §§ 31301, *et seq.* (the "Lien Act"), and thus holds a valid, statutory maritime lien against M/V GOLIATH for the amounts listed on Cypress's invoices for the subject of equipment and cleaning services to the M/V GOLIATH in March and April 2019. No genuine issue of material fact exists, and the Court should grant the instant motion for summary judgment enforcing Cypress's maritime lien because Cypress provided necessaries procured for the M/V GOLIATH by its authorized charterer in accordance with the Lien Act.

## BACKGROUND

The pertinent facts are undisputed. Goliath admits that it chartered the M/V GOLIATH to Epic Companies, LLC ("Epic"), facilitated by a bareboat charter between Epic and Magrem Investments Ltd. (*See* Goliath's Answer and Third Party Demand, Doc. 10 at p. 7; Doc. 155 at pp. 1-2). Goliath further admits that, "[a]t all material times, Epic was a charterer and the operator of the M/V NOR GOLIATH." (Doc. 10 at p. 6).

At the request of Epic manager, Stuart Duffield, Cypress prepared Proposal No. T-0058 R-2 (the "Proposal") for water filtration services on the M/V GOLIATH. The Proposal outlined the scope of work to be completed on the M/V Goliath as follows:

> Per the request for proposal, Cypress will provide the following water treatment services:
>
> 1. Cypress will pump fluids from the M/V Nor Goliath utilizing a hydraulic submersible pump to the customer supplied frac tanks on the pier. Water from the frac tanks will be pumped through the filtration system and discharged to the MAWSS (sewer system).
>
> 2. Estimated Total Volume: 9,000 barrels
>
> 3. Flow rates quoted in section 1.6 are based on customer providing adequate number and size of tie in points for Cypress to receive fluids.
>
> 4. Flow rates are based on approximately 150-250 gallons per minute based on fluid condition and flow rates the submersible pump may produce. To achieve this flow-rate, Cypress will supply 1 - 250 GPM trailer package(s).
>
> 5. Loading Estimates on Filter Media are as per these assumptions –
>
>    a. Volume to filter: 9,000 bbls
>
>    b. Flow-rate of: 150-250 GPM
>
>    c. Influent contamination level of 100 ppm or less.
>
>    d. With this volume, flow-rate, and contamination factor, we estimate media needed to be approx. 4,000 lbs.
>
>    e. *Note: should project continue for a longer duration than anticipated or fluid contamination be worse than calculated for, media may exhaust before job is complete and a media change out would be needed.
>
> 6. Cypress shall follow client supplied dewatering permit that will include a discharge area for treated water.

> a. If client elects to defer the duties of securing a discharge permit to Cypress, Cypress can accommodate on a Cost + 20% basis.
>
> 7. If customer elects to provide their own discharge permit, customer shall provide Cypress with a copy of aforementioned permit, along with all documentation pertinent to the discharge water testing and sampling parameters prior to commencement of filtration operations.
>
> 9. Estimated disposal for spent carbon media is provided and is based on the assumption that Cypress is disposing of the media. Client has the option to have a storage box on site and dispose of the media.
>
> 10. Cypress has planned to work (12) hour days for this project.

(Ex. 1 to Motion - English Aff. ¶ 3, Ex. A).

By purchase order dated March 5, 2019, Epic accepted the Proposal and engaged Cypress to provide necessaries to the M/V GOLIATH, including tank pumping services and related equipment described in the Proposal. (*Id*. ¶ 4, Ex. B, Epic Purchase Order 32790). In response to Epic's purchase order, Cypress provided necessaries in the form of supplies and services, including tank pumping, flushing and cleaning services, together with all equipment Cypress required to complete those services, to the M/V GOLIATH. (*Id*. ¶ 4). These necessaries were supplied to M/V GOLIATH in Mobile, Alabama between March 11, 2019 and April 4, 2019, before the M/V GOLIATH was arrested on July 12, 2019. (*Id*. ¶ 4). Two Cypress invoices totaling $154,603.80 (collectively the "Cypress Invoices") reflect the necessaries Cypress provided to the M/V GOLIATH. The first invoice (No. 180001183) reflects charges for necessaries in the amount of $153,215.80 provided between March 11, 2019 and March 30, 2019. (*Id*. ¶ 5, Ex. C). The second invoice (No. 180001201) reflects charges for necessaries in the amount of $1,388.40 provided between March 31, 2019 and April 4, 2019. (*Id*. ¶ 5, Ex. D).

The Cypress Invoices were submitted to Epic and Goliath for payment, but they have not been paid and remain outstanding. (*Id*. ¶ 5). Pursuant to the terms and conditions of sale printed on the Cypress Invoices, payment was due within thirty days of receipt on the unpaid amounts.

Interest on the amount outstanding at a rate of 1.5% per month is also due. (*Id*.). Cypress filed its Complaint in Intervention (Doc. 15) in this action to recover the amounts owed for the necessaries provided to the M/V GOLIATH. The Court has accepted a counter-security bond in the amount of $3,921,000 to cover all remaining claims against the M/V GOLIATH, including the claims of Cypress. (*See* Doc. 187 (Order approving bond); Doc. 183-1, at p. 2 fn. 1 (listing amounts sought by each claimant herein)). Cypress now moves for summary judgment and submits this memorandum to substantiate its maritime lien for necessaries provided to the M/V GOLIATH. These factual issues are not in dispute, and the Court should grant summary judgment as a matter of law in favor of Cypress.

## ARGUMENT

### A.    Cypress's Maritime Liens Arise by Operation of Law.

Cypress's maritime lien against the M/V Goliath arose by operation of law under the express language of the Lien Act. Section 31342 of the Lien Act states in pertinent part:

> [A] person providing necessaries to a vessel on the order of the owner or a person authorized by the owner—
> **(1)** has a maritime lien on the vessel;
> **(2)** may bring a civil action in rem to enforce the lien; and
> **(3)** is not required to allege or prove in the action that credit was given to the vessel.

*Id.* § 31342(a). Courts have explained that the federal maritime lien created by the Lien Act is a unique security device, serving the dual purpose of keeping ships moving in commerce while not allowing them to escape their debts by sailing away. *Equilease Corp. v. M/V Sampson,* 793 F.2d 598, 602 (5th Cir. 1986) (citing *Riffe Petroleum Co. v. Cibro Sales Corp.,* 601 F.2d 1385, 1389 (10th Cir. 1979)). The lien is a special property right in the vessel, arising in favor of the creditor by operation of law as security for a debt or claim. The lien arises when the debt arises and grants the creditor the right to appropriate the vessel, have it sold, and be repaid the debt from the

4

proceeds. *Id*. Thus the maritime lien may be defined as a property right that adheres to the vessel wherever it may go. *Id.*

Consistent with the Lien Act's goal of affording financial protection to those who provide vessels with required services and provisions, courts have broadly interpreted what constitutes "necessaries" under the Lien Act. *Portland Pilots, Inc. v. NOVA STAR M/V*, 875 F.3d 38, 44 (1st Cir. 2017); *Equilease Corp.,* 793 F.2d at 604. Indeed, U.S. Courts have consistently held that services such as delivery and cleaning of rental items and equipment are "necessaries" when they enable the vessel to continue operations and keep the ship's business going. *See Portland Pilots, Inc.*, 875 F.3d at 45; *Silver Star Enterprises, Inc. v. Saramacca MV,* 82 F.3d 666, 668 (5th Cir. 1996) (quoting *Dampskibsselskabet Dannebrog, et al. v. Signal Oil & Gas Co.,* 310 U.S. 268, 280 (1940)). "Necessaries are the things that a prudent owner would provide to enable a ship to perform well the functions for which she has been engaged. These 'things' may be money, labor and skill, and personal services as well as materials. 'It is the present, apparent want of the vessel, not the character of the thing supplied, which makes it a necessary.'" *Equilease Corp.*, 793 F.2d at 603 (5th Cir. 1986) (citing 2 Benedict on Admiralty's 34 (7th ed. 1984)).

Here, it is undisputed that Cypress provided necessaries in the form of services and appurtenant equipment to the M/V GOLIATH in March and April 2019. (Ex. 1 to Motion - English Aff. ¶ 4) Epic, "the charterer and operator of the M/V GOLIATH" (Doc. 10 at p. 6) authorized the necessaries provided by Cypress for the M/V GOLIATH's continued operations and functions in which it was engaged. (Ex. 1 to Motion - English Aff. ¶¶ 3-4). In order to continue its normal operations, the M/V GOLIATH needed Cypress to clean the fuel compartments that were used as Ballast tanks for a previous project and process the ballast water for discharge, as well as the other services outlined in the Proposal.. (*Id*. ¶ 4). Cypress submitted invoices for the necessaries

provided, and those invoices remain unpaid. (*Id*. ¶ 5). Thus, a maritime lien arose in favor of Cypress by operation of law. *See Equilease Corp.,* 793 F. 2d at 602.

### B. No Genuine Issue of Material Fact Exists and Cypress Holds a Maritime Lien Against the M/V GOLIATH as a Matter of Law.

It is undisputed that Cypress provided necessaries in the form of cleaning services and appurtenant equipment to the M/V GOLIATH in March and April 2019, before the M/V GOLIATH was arrested in connection with this lawsuit. (Ex. 1 to Motion - English Aff. ¶ 4). Those necessaries were provided according to orders from the charterer, Epic. (*Id.*). As charterer, Epic is presumed to have authority to procure necessaries for the M/V GOLIATH, *in rem*, under the Lien Act. *See* 46 U.S.C.A. § 31341(a). Thus, pursuant to its authority as charterer, Epic procured necessaries from Cypress for the M/V GOLIATH. Cypress delivered those necessaries according to its agreement with Epic. (Ex. 1 to Motion - English Aff. ¶ 4). As a result, Cypress now holds a maritime lien against the M/V GOLIATH as a matter of law. *See id.* § 31342(a). Cypress has made a *prima facie* showing to substantiate the claims outlined in its Complaint in Intervention against the M/V GOLIATH. (*See* Doc. 15). As such, Cypress is entitled to summary judgment as to its claims against the M/V GOLIATH and to be awarded damages in the amount of $154,603.80 plus interest, costs, and attorney's fees.

### CONCLUSION

For the reasons set forth above, the Court should grant Plaintiff-in-Intervention Cypress Pipeline and Process Services, LLC's motion for summary judgment and award damages in the amount of $154,603.80 plus interest, costs and attorney's fees.[1]

---

[1] Cypress reserves the right and ability to submit further evidentiary materials to demonstrate the amount of interest, costs and attorney's fees it may recover in the event the instant motion is granted.

Respectfully submitted this 6th day of February, 2020,

**BUTLER SNOW LLP**

By: /s/Michael C. McCabe, Jr.
Michael C. McCabe, Jr.
Mississippi Bar No.: 101548
Email: michael.mccabe@butlersnow.com
1300 25th Avenue, Suite 204
Gulfport, Mississippi 39502-4248
Telephone: 228-575-3025
Facsimile: 228-868-1531

**ATTORNEYS FOR PLAINTIFF-IN-INTERVENTION, CYPRESS PIPELINE AND PROCESS SERVICES, LLC**

**OF COUNSEL:**

**Scott D. Marrs** – *Admitted Pro Hac Vice*
Texas Bar No.: 13013400
Email: scott.marrs@akerman.com
**Brian T. Bagley** – *Admitted Pro Hac Vice*
Texas Bar No.: 24035541
Email: brian.bagley@akerman.com
**James E. Rogers** – *Admitted Pro Hac Vice*
Texas Bar No.: 24051265
Email: james.rogers@akerman.com
1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056
Telephone: 713-623-0887
Facsimile: 713-960-1527

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via the Court's electronic filing system on all counsel of record and/or via registered and regular U.S. Mail on this 6th day of February 2020.

/s/Michael C. McCabe, Jr.
Michael C. McCabe, Jr.