IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUHERN DIVISION
IN ADMIRALTY

| | |
|---|---|
| **ARC CONTROLS, INC.; et al.** | **PLAINTIFFS** |
| v. | **CAUSE NO. 1:19cv391-LG-RHW** |
| **M/V NOR GOLIATH,** *in rem*; **et al.** | **DEFENDANTS** |

consolidated with

| | |
|---|---|
| **DAN BUNKERING (AMERICA) INC.** | **PLAINTIFF** |
| v. | **CAUSE NO. 1:19cv395-LG-RHW** |
| **NOR GOLIATH,** *in rem*; **et al.** | **DEFENDANTS** |

## ORDER DENYING CYPRESS PIPELINE'S MOTION FOR SUMMARY JUDGMENT AS PREMATURE

BEFORE THE COURT is the [211] Motion for Summary Judgment filed by Plaintiff-in-Intervention Cypress Pipeline and Process Services, LLC ("Cypress Pipeline"). Defendants M/V NOR GOLIATH and Goliath Offshore Holdings, Pte. Ltd. ("Goliath Holdings") filed a response in opposition, and Cypress Pipeline filed a reply. Having considered the submissions of the parties, the record in this matter, and relevant law, the Court finds that Cypress Pipeline's summary judgment motion should be denied as premature.

I. BACKGROUND

Plaintiff Arc Controls, Inc. filed this admiralty suit in the wake of the bankruptcy of Epic Companies, LLC and its subsidiaries. Epic had bareboat chartered the defendant vessel, the NOR GOLIATH, from her owner, Defendant

Goliath Holdings, and ostensibly contracted for vessel-related goods and services for which it could not (or at least did not) pay. Arc Controls and numerous other plaintiffs in intervention arrested the NOR GOLIATH while docked at the Port of Gulfport,[1] asserting maritime liens against the vessel. Notice of the vessel's arrest was posted in the *Biloxi Sun Herald* throughout the month of August, 2019.

On November 22, 2019, the Court held a hearing regarding multiple motions for interlocutory sale of the vessel and a motion to release the vessel upon posting bond. The Court determined that a bond in the amount of $3,921,000.00 would be sufficient to address the plaintiffs' claims against the vessel and, by [187] Order dated November 26, 2019, directed the Clerk of Court to accept a special bond for that amount into the court's registry and released the vessel from the custody of the United States Marshal.

On February 6, 2020, Intervenor Plaintiff Cypress Pipeline filed the instant Motion for Summary Judgment, which asks for summary judgment to be entered in its favor on its claim for unpaid necessary services provided to the vessel. The Rule 16(a) conference – which had not yet been held – occurred on March 4, 2020. Thus, as of the date that this Motion became fully briefed on February 27, 2020, no discovery beyond Rule 26 disclosures (which were due February 26, 2020) had occurred. Defendants NOR GOLIATH and Goliath Offshore respond to the Motion by invoking Federal Rule of Civil Procedure 56(d) and arguing that the Motion should be denied as premature. The Court agrees.

---

[1] The vessel was subsequently relocated, with the Court's permission, to the Port of Pascagoula, which is also within the Southern District of Mississippi.

## II. DISCUSSION

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although Rule 56(b) allows a summary judgment motion to be made "at any time," "courts routinely deny motions for summary judgment as premature when discovery over relevant matters is incomplete." *Toussie v. Allstate Ins. Co.*, 213 F. Supp. 3d 444, 445 (E.D.N.Y. 2016) (citing *Miller v. Beneficial Mgmt. Corp.*, 977 F.2d 834, 846 (3d Cir. 1992); *Murrell v. Bennet*, 615 F.2d 306, 310 (5th Cir. 1980)); *see also Snook v. Tr. Co. of Ga. Bank of Savannah*, 859 F.2d 865, 870 (11th Cir. 1988) ("Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests."). "The Fifth Circuit has held it to be an abuse of discretion not to allow further discovery where discovery to date has been clearly inadequate and a continuance has been requested under Rule 56(f)[2]." *Travelers Prop. Cas. Co. of Am. v. Dillard's Inc.*, No. 2:07CV312-KS-MTP, 2008 WL 886099, at *2 (S.D. Miss. Mar. 28, 2008) (citing *Xerox Corp. v. Genmoora Corp.,* 888 F.2d 345, 355 (5th Cir. 1989)).

The record before the Court demonstrates that although Defendants dispute Cypress Pipeline's factual and legal assertions, Defendants have not yet had an opportunity to conduct discovery before responding to the summary judgment motion. Caselaw in the federal courts dictates that such a motion is premature.

---

[2] The former Rule 56(f) has since been re-codified as Rule 56(d).

The Defendants "must be given appropriate time to gather evidence supporting their [defenses] against [Cypress Pipeline] before this Court decides whether a genuine issue of material fact exists." *Travelers*, 2008 WL 886099, at *2. Cypress Pipeline's Motion will accordingly be denied as premature. *Cf. Montgomery v. Nat'l R.R. Passenger Corp.*, No. 4:16CV213-M-V, 2018 WL 1309721, at *2 (N.D. Miss. Mar. 13, 2018).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [211] Motion for Summary Judgment filed by Plaintiff-in-Intervention Cypress Pipeline and Process Services, LLC is **DENIED** without prejudice to Cypress Pipeline's right to file a subsequent summary judgment motion at the appropriate time.

**SO ORDERED AND ADJUDGED** this the 6th day of April, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE