IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION
IN ADMIRALTY

ARC CONTROLS, INC.                                                         PLAINTIFF

v.                                                         CAUSE NO. 1:19cv391-LG-RPM

M/V NOR GOLIATH, *in rem*, AND
GOLIATH OFFSHORE HOLDINGS                                         DEFENDANTS
PTE. LTD., *in personam*

consolidated with

DAN BUNKERING (AMERICA) INC.                                        PLAINTIFF

v.                                                         CAUSE NO. 1:19cv395-LG-RPM

NOR GOLIATH, *in rem*; GOLIATH
OFFSHORE HOLDING PRIVATE
LIMITED, *in personam*; EPIC                                       DEFENDANTS
COMPANIES, LLC, *in personam*; AND
EPIC APPLIED TECHNOLOGIES
LLC, *in personam*

### MEMORANDUM AND ORDER DENYING ARC CONTROL, INC.'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** is the [253] Motion for Summary Judgment filed by plaintiff, Arc Controls, Inc. ("Arc"). The parties have fully briefed the Motion. Having considered the submissions of the parties and applicable law, the Court finds that material fact question preclude judgment as a matter of law. The Motion for Summary Judgment will be denied.

### BACKGROUND

The instant Motion arises from the arrest and seizure of the M/V NOR GOLIATH, *in rem*, owned by defendant, Goliath Offshore Holdings Pte. Ltd.

-1-

("Goliath"), *in personam*, for payment of alleged necessaries furnished by Arc. On April 18, 2019, Goliath bareboat chartered the NOR GOLIATH to Magrem Investments, Ltd. ("Magrem"). (Bareboat Charter, ECF No. 219-2). On the same day, Goliath and Epic Companies, LLC ("Epic"), entered into an agreement whereby Epic guaranteed all of Magrem's obligations under the bareboat charter. (*See* Charter Guarantee, ECF No. 219-1). Epic used the NOR GOLIATH to perform platform decommissioning work in the Gulf of Mexico.[1] Arc claims that Epic requested certain repairs and necessaries for the NOR GOLIATH to support her mission as an offshore construction vessel. These necessaries were in the form of services–such as materials, labor, paint, testing, and ASME code documentation–as well as appurtenant equipment such as tanks and spools. (*See* Arc's Mem., at 5, ECF No. 255; *see also* Aff., at ¶¶ 3-4, at 3, ECF No. 253-1). Arc maintains that its invoices to Epic remain unpaid.

On July 12, 2019, this lawsuit was filed by Arc in the wake of the bankruptcy of Epic and its subsidiaries.[2] Notice of the vessel's arrest was posted in the *Biloxi Sun Herald* throughout the month of August 2019. On November 22, 2019, the Court held a hearing regarding multiple motions for interlocutory sale of the vessel and a motion to release the vessel upon posting bond. The Court determined that a bond in the amount of $3,921,000.00 would be sufficient to address the plaintiffs'

---

[1] "Decommissioning" refers to the deconstruction and salvage of offshore platforms for oil and gas wells that are no longer productive. *See* 30 C.F.R. §§ 250.1700-1704.

[2] Epic and its subsidiaries filed bankruptcy on August 26, 2019. (*See* Notice of Bankruptcy, ECF No. 125).

claims against the vessel and, by [187] Order dated November 26, 2019, directed the Clerk of Court to accept a special bond for that amount into the court's registry, and released the vessel from the custody of the United States Marshal.

On May 2, 2020, Arc filed the instant Motion claiming that, as a result of nonpayment of certain necessaries that were supplied to the NOR GOLIATH, Arc holds a valid, statutory maritime lien to secure its claim of $173,232.76, inclusive of interest, costs, and collection expenses. In opposition, Goliath contends that the services and repairs provided by Arc were done to a saturation diving unit solely owned and operated by Epic.[3] (Goliath's Opp., at 2, ECF No. 320). Thus, because the services and goods were not performed to the NOR GOLIATH, Arc does not hold a valid maritime lien.

## DISCUSSION

### I.  Legal Standards of Rule 56

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party is initially responsible for identifying portions of pleadings and discovery, together with any affidavits, that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir. 1995) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party may meet this burden by pointing out the absence of

---

[3] In its Surreply, Goliath also claims that, in light of recent discovery, the saturation diving unit is technically owned by Epic's subsidiary, Epic Diving & Marine Services, LLC. (*See* Goliath's Surreply, at 4, ECF No. 322-1). For the purpose of this Motion, the Court will construe the claims as against Epic.

evidence supporting the nonmoving party's case. *Celotex Corp.*, 477 U.S. at 323. The nonmoving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party must submit "significant probative evidence" to support his claim. *State Farm Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990) (citations omitted). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

The court is required to view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000) (citing *Anderson*, 477 U.S. at 255). Factual controversies must be resolved "in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). Conclusory allegations and unsubstantiated assertions may not be relied on as evidence by the nonmoving party. *See id.* (citations omitted).

**II.    Arc's Motion to Enforce its Maritime Lien must be Denied**

Maritime liens are governed by the Commercial Instruments and Maritime Liens Act ("CIMLA"), under 46 U.S.C. §§ 31301-31343. Under CIMLA, a party supplying goods or services can assert a maritime lien if "(1) the goods or services provided were 'necessaries,' (2) the party provid[ed] [the] necessaries to the vessel, and (3) it did so on the order of the owner or a person authorized by the owner."

-4-

*ING Bank N.V. v. Bomin Bunker Oil Corp.*, 953 F.3d 390, 393-94 (5th Cir. 2020) (citing 46 U.S.C. § 31342(a)).  CIMLA defines necessaries as "repairs, supplies, towage, and the use of a dry dock or marine railway."  46 U.S.C. § 31301(4).  The Fifth Circuit has broadly construed necessaries to include "most goods or services that are useful to the vessel, keep her out of danger, and enable her to perform her particular function."  *Superior Derrick Servs., L.L.L. v. LONESTAR 203*, 547 F. App'x 432, 442 (5th Cir. 2013) (quoting *Equilease Corp. v. M/V SAMPSON*, 793 F.2d 598, 603 (5th Cir. 1986)); *cf. Martin Energy Servs., L.L.C. v. Bourbon Petrel M/V*, 962 F.3d 827 (5th Cir. 2020).  A person providing necessaries to a vessel on the order of the owner, or an authorized person, has a maritime lien on the vessel.  *See* 46 U.S.C. § 31341(a).

Arc seeks to enforce a maritime lien.  In support of its Motion, Arc submitted Epic's purchase order and Arc's subsequent invoices for payment of services rendered.  (*See* Invoices, at 6, 8, 10, ECF No. 253-1).  Arc maintains that the invoices evidence the necessaries performed by Arc to support the mission of the NOR GOLIATH.  (*See* Arc's Mem., at ¶ 5, at 3, ECF No. 255; *see also* Aff. of Richard King, at ¶¶ 4-5, at 3, ECF No. 253-1).  The Court notes that, on the invoices, there is no reference to the NOR GOLIATH or the saturation diving unit, but that the goods and services were "sold to" Epic at its Belle Chase, Louisiana, address.  (*See* Invoices, at 8, 10, ECF No. 253-1).  In fact, Epic's purchase order is the only document that references the NOR GOLIATH.  (*See id.* at 6).  Moreover, in Arc's Answers to Interrogatories, Arc acknowledges that it performed services to the

saturation diving unit while it was attached to the NOR GOLIATH. (*See* Arc's Answers to Interrogatories, at ¶¶ 3, 15, at 3, 8, ECF No. 316-1). It claims that its Answers substantiate how the goods and services were necessary to the NOR GOLIATH's operation as an offshore construction vessel. (*See* Arc's Reply, at 4-5, ECF No. 321). In opposition, Goliath notes that the NOR GOLIATH does not require diving equipment or divers to support its function, but rather, its purpose is to perform heavy lifting with its 1600 metric ton crane as part of Epic's mission to perform decommissioning work in the Gulf of Mexico. (*See* Goliath's Surreply, at 6, ECF No. 322-1; *see also* Aff. of Richard Currence, Jr., at ¶ 4, at 1, ECF No. 295-1). Goliath contends that the saturation diving unit is solely owned by Epic and merely assists in Epic's decommissioning project.[4] It claims that the saturation diving unit moved amongst various vessels, further establishing that the unit was not a permanent fixture on Goliath's vessel.[5] (*See* Goliath's Surreply, at 5-6, ECF No. 322-1).

In light of the submissions by the parties, the Court finds that there remains a genuine issue of material fact as to whether Arc supplied goods and services directly to the NOR GOLIATH or to Epic's solely owned saturation diving unit.

---

[4] *See Bibby Offshore Ltd. v. EMAS Chiyoda Subsea, Inc.*, 2:17-cv-33, 2018 WL 2473878, at *2 (S.D. Tex. June 4, 2018).

[5] Goliath claims that the saturation diving unit was removed from the NOR GOLIATH following its purchase by a third-party in the Epic bankruptcy proceeding. (Goliath's Opp., at 7, ECF No. 320). It notes that, in the Order from the Southern District of Texas Bankruptcy Court, Houston Division, the Bankruptcy Judge stated that a lien remains on the saturation diving unit following its sale. (*See* Order on Sale, ECF 295-2).

-7-

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [253] Motion for Summary Judgment filed by plaintiff, Arc Controls, Inc., is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 2nd day of October, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE