# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| **ARC CONTROLS, INC.** | **PLAINTIFF** |
| v. | CAUSE NO. 1:19CV391-LG-RPM |
| **M/V NOR GOLIATH** *in rem,* **and GOLIATH OFFSHORE HOLDINGS, PTE. LTD.,** *in personam* | **DEFENDANTS** |

*consolidated with*

| | |
|---|---|
| **DAN BUNKERING (AMERICA) INC.** | **PLAINTIFF** |
| v. | CAUSE NO. 1:19cv935-LG-RPM |
| **NOR GOLIATH in rem; GOLIATH OFFSHORE HOLDING PRIVATE LIMITED in personam; EPIC COMPANIES, LLC in personam; EPIC APPLIED TECHNOLOGIES, LLC** | **DEFENDANTS** |

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART CANDY APPLE, LLC'S MOTION TO DISMISS COUNTERCLAIM OF GOLIATH OFFSHORE HOLDINGS PTE. LTD.

**BEFORE THE COURT** is the [293] Rule 12(b)(6) Motion to Dismiss Counterclaim of Goliath Offshore Holdings Pte. Ltd. filed by Intervenor Plaintiff Candy Apple, L.L.C.[1]  The parties have fully briefed the Motion.  After reviewing the submissions of the parties, the record in this matter, and the applicable law, the

---

[1] Candy Apple's Motion only pertains to the *in personam* claims filed against Candy Apple, L.L.C. by Goliath, not the *in rem* claims against M/V CANDY APPLE.

Court finds that Candy Apple's Motion should be granted in part and denied in part as set forth below:

## BACKGROUND

The instant Motion arises from the arrest and seizure of the M/V NOR GOLIATH by numerous intervening plaintiffs, all of which assert maritime liens against the vessel. Goliath bareboat chartered the M/V NOR GOLIATH to Magrem Investments, Ltd. On the same day, Goliath and Epic Companies, LLC, entered into an agreement whereby Epic Companies guaranteed all of Magrem's obligations under the bareboat charter. Epic Companies used the M/V NOR GOLIATH to perform platform decommissioning work in the Gulf of Mexico.[2] Epic Companies filed for bankruptcy protection on August 26, 2019. (*See* Notice of Suggestion of Bankruptcy, ECF No. 125).

On July 12, 2019, Arc Controls, Inc., sued Goliath i*n personam* and M/V NOR GOLIATH *in rem*, claiming that it performed repairs and provided necessaries to the M/V NOR GOLIATH. Arc claimed that it was never paid for these goods and services.[3] Several other parties, including Candy Apple, filed Complaints in Intervention against M/V NOR GOLIATH and Goliath.

In its Verified Complaint in Intervention, Candy Apple alleges that:

Epic Applied Technologies, LLC, and Epic Companies, LLC . . . and/or the owner or charterer of the M/V NOR GOLIATH or its authorized agent, through broker Kilgore Marine Services, L.L.C., chartered

---

[2] "Decommissioning" refers to the deconstruction and salvage of offshore platforms for oil and gas wells that are no longer productive. *See* 30 C.F.R. §§ 250.1700-1704.
[3] Arc, Goliath Ltd., and M/V NOR GOLIATH have since entered into a settlement agreement, and Arc's claims have been dismissed. (Order, ECF No. 348.)

Candy Apple's vessel, the M/V CANDY APPLE, to transport fuel, crewmembers, and other materials to the M/V NOR GOLIATH commencing in May 2019.

(Compl., at 2, ECF No. 140).  Candy Apple claims it was never paid for the fuel and transportation services it provided.  As a result, it claims to have one or more maritime liens against the M/V NOR GOLIATH pursuant to the Federal Commercial Instruments and Maritime Lien Act, 46 U.S.C § 31341 *et seq*. ("CIMLA").

Goliath filed a Counterclaim against Candy Apple, M/V CANDY APPLE, and others, alleging negligence, breach of maritime contract, and foreclosure of maritime liens claims.  (Countercl., at 1, ECF No. 251).  Goliath claims that the pre-arrest decommissioning services it provided for Epic Companies were necessary for the operations of Candy Apple "in [its] ordinary trade." (*Id*. at 7).  Goliath further alleges that the failure and delay of Candy Apple in collecting all amounts that were owed to Candy Apple from Epic Companies caused substantial damages to Goliath Ltd.  (*Id*. at 8).[4]  Candy Apple filed the present Motion to Dismiss Goliath's counterclaim pursuant Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[4] There is some confusion in the parties' pleadings concerning whether M/V CANDY APPLE was chartered by Epic Companies and/or Epic Applied Technologies. However, the identity of the charterer or charterers is not pertinent to the instant Motion.

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In deciding a Rule 12(b)(6) motion to dismiss, the Court accepts all well pleaded facts as true and views them in the light most favorable to Plaintiff. *New Orleans City v. Ambac Assur. Corp.*, 815 F.3d 196, 199 (5th Cir. 2016). But "the complaint must allege more than labels and conclusions, a formulaic recitation of the elements of a cause of action will not do, and factual allegations must be enough to raise a right to relief above the speculative level." *Jabaco, Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 318 (5th Cir. 2009). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

## I. NEGLIGENCE

In an attempt to plead a negligence claim, Goliath notes Candy Apple's failure and delay in collecting all amounts that Epic Companies owed to Candy Apple. Goliath further alleges that Candy Apple failed to obtain adequate security from Epic Companies before providing work and services on Epic Companies' behalf.

"To establish maritime negligence, 'a plaintiff must demonstrate that there was [1] a duty owed by the defendant to the plaintiff, [2] breach of that duty, [3]

injury sustained by the plaintiff, and [4] a causal connection between the defendant's conduct and the plaintiff's injury.'" *GIC Servs., L.L.C. v. Freightplus USA, Inc.*, 866 F.3d 649, 659 (5th Cir. 2017) (quoting *Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000)). Candy Apple's arguments in its Motion to Dismiss focus on the duty element, *i.e.* whether Candy Apple owed a duty to Goliath to obtain adequate security from a charterer and ensure that Candy Apple received timely payment from that charterer.

The issue of whether a defendant owes a plaintiff a legal duty is a question of law. *Canal Barge*, 220 F.3d at 376. The Fifth Circuit has explained that "the determination of whether a party owes a duty to another depends on a variety of factors, most notably the foreseeability of the harm suffered by the complaining party. Duty . . . is measured by the scope of the risk that negligent conduct foreseeably entails." *Id.* at 377 (internal quotation marks and citations omitted). It further held:

> We perceive a harm to be the foreseeable consequence of an act or omission if harm of a general sort to persons of a general class might have been anticipated by a reasonably thoughtful person, as a probable result of the act or omission, considering the interplay of natural forces and likely human intervention.

*Id.*

Both Goliath and Candy Apple rely on decisions addressing construction law to support their arguments concerning the issue of whether Candy Apple owed Goliath a duty to recover payments owed to Candy Apple by Epic Companies. Goliath cites *Mayor & City Council of City of Columbus, Miss. v. Clark-Dietz & Assocs.-Engineers, Inc.*, which held that an architect owes a duty, sounding in tort,

to a contractor who relies upon the architect's design to his economic detriment. 550 F. Supp. 610, 624 (N.D. Miss. 1982). This tort duty arises out of the architect's contractual duty to the project owner. *Id.* The court explained:

> [B]y entering into a contract with A, the defendant may place himself in such a relation toward B that the law will impose upon him an obligation, sounding in tort and not in contract, to act in such a way that B will not be injured. The incidental fact of the existence of the contract with A does not [negate] the responsibility of the actor when he enters upon a course of affirmative conduct which may be expected to affect the interests of another person.

*Id.*

Candy Apple relies on *Heber E. Costello, Inc. v. Edwards & Son, Inc.*, in support of its argument that Candy Apple owed no duty to Goliath to enforce the payment provisions of the agreement between Candy Apple and Epic Companies. No. 2:96CV42-B-B, 1998 WL 94925 (N.D. Miss. Jan. 22, 1998). In *Costello*, a prime contractor, Roy Anderson Corporation, subcontracted with Edwards and Son, Inc., to perform some of the work required to build a casino and golf course in Tunica County, Mississippi. *Id.* at *1. Edwards then subcontracted with Heber E. Costello, Inc., to dig a lake on the property. *Id.* After Costello temporarily left the project when conditions became too wet, Edwards terminated Costello's contract. Costello sued Edwards and Roy Anderson because it was never paid for the work it performed. *Id.* In support of its negligence claim, Costello alleged that Roy Anderson owed Costello a duty to enforce the portions of Roy Anderson's subcontract with Edwards that required payment bonds and affidavits of payment. *Id.* at *5. The *Costello* court found that Roy Anderson did not owe a duty to Costello

-6-

because Costello did not show that it relied on the payment bond requirements in the subcontract between Roy Anderson and Edwards. *Id.* at \*6.

To the extent that these construction cases could be considered persuasive in the present admiralty case, neither the *Clark-Dietz* opinion nor the *Costello* opinion concerned a Rule 12(b)(6) Motion to Dismiss. *Clark-Dietz* was a Memorandum Opinion setting forth the court's findings of fact and conclusions of law following a bench trial, and *Costello* concerned a summary judgment opinion. While the question of whether a duty is owed is ultimately a question of law, the cases cited by the parties indicate that the question of whether a contractual duty owed to one party gives rise to a tort duty to a third party necessarily involves analyzing the evidence and testimony presented. *See Costello*, 1998 WL 94925, at \*6 (explaining that "[i]t appears that whether a duty is owed is a factual determination that must be made on a case-by-case basis"). Such an analysis is improper when considering a Rule 12(b)(6) Motion. The issues can be more efficiently considered at the summary judgment stage. As a result, Candy Apple's Motion to Dismiss is denied as to Goliath's negligence claim.[5]

---

[5] The Court will not consider arguments made by Candy Apple for the first time in its Reply. *See Forest Tire & Auto, LLC v. Catlin Specialty Ins. Co.*, No. 3:20-CV-72-DPJ-FKB, 2020 WL 5079164, at \*5 (S.D. Miss. Aug. 27, 2020) ("It is the practice of . . . the district courts to refuse to consider arguments raised for the first time in reply briefs.").

## II. BREACH OF MARITIME CONTRACT

To establish a maritime breach-of-contract claim, a plaintiff must demonstrate "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Jackson v. Royal Caribbean Cruises, Ltd.*, 389 F. Supp. 3d 431, 455 (N.D. Tex. 2019) (citing *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co.*, 375 F.3d 168, 177 (2d Cir. 2004)). Goliath admits that it did not have a contract with Candy Apple. Therefore, it cannot demonstrate the first essential element of a breach of maritime contract claim, and Candy Apple's Motion to Dismiss must be granted to this extent.

## III. FORECLOSURE OF MARITIME LIEN

CIMLA provides that a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner has a maritime lien on the vessel and may bring a civil action in rem to enforce the lien. 46 U.S.C. § 31342(a)(1), (2). The lien "is a special property right in the vessel," which "grants the creditor the right to appropriate the vessel, have it sold, and be repaid the debt from the proceeds." *Martin Energy Servs., L.L.C. v. Bourbon Petrel M/V*, 962 F.3d 827, 830 (5th Cir. 2020) (quoting *Equilease Corp. v. M/V Sampson*, 793 F.2d 598, 602 (5th Cir. 1986)). The term "necessaries" "includes repairs, supplies, towage, and the use of a dry dock or marine railway." 46 U.S.C. § 31301(4).

> In that regard, necessaries are the things that a prudent owner would provide to enable a ship to perform well the functions for which she has been engaged. The term, which has a broad meaning, includes most goods or services that are useful to the vessel, keep her out of danger,

> and enable her to perform her particular function. These are items useful to vessel operations and necessary to keep the ship going.

*Martin Energy*, 962 F.3d at 831 (internal quotation marks and citations omitted).

In an attempt to state a CIMLA claim, Goliath makes the conclusory assertion that the decommissioning services it provided to Epic Companies were necessaries as to the M/V CANDY APPLE. In its response to Candy Apple's Motion to Dismiss, Goliath argues that the decommissioning work it performed at the direction of Epic "enabled Candy Apple to perform its particular function." (Resp. Mem., at 10, ECF No. 311). In other words, Goliath alleges that its decommissioning work provided Candy Apple the opportunity to work. (*See id.*). However, as Candy Apple points out in its Motion, the Fifth Circuit's decision in *J. Ray McDermott & Co. v. Off-Shore Menhaden Co.*, 262 F.2d 523 (5th Cir. 1959), forecloses the claim that merely providing a service in furtherance of a vessel's mission gives rise to a maritime lien. *See id.* at 525; *see also Bibby Offshore Ltd. v. EMAS Chiyoda Subsea, Inc.*, 2:17-cv-33, 2018 WL 2473878, at *2 (S.D. Tex. June 4, 2018).

As discussed in the Fifth Circuit's recent decision in *Martin Energy Services, L.L.C. v. Bourbon Petrel M/V*, 962 F.3d 827 (5th Cir. 2020), goods or services are deemed a "necessary" to vessels to perform their "particular function" only in cases where the goods or services were "provided for use by the vessel itself, and the resulting lien ran against the vessel." *Id.* at 832-33. In *Martin Energy,* three seismic vessels were performing surveying operations off the coast of Louisiana. *Id.* at 829. Three support vessels provided fuel, supplies, and equipment to the three

seismic vessels. *Id.* All of the seismic vessels and the support vessels were owned by C.G.G. Services, U.S., Inc. *Id.* Martin Energy delivered fuel to the three support vessels, which, in turn, delivered the fuel to the three seismic vessels. *Id.* at 829-30. Martin Energy sued C.G.G., asserting in rem claims against the support vessels. *Id.* at 830. The Fifth Circuit reversed the district court's decision that Martin Energy had a lien on the support vessels. *Id.* The Fifth Circuit explained that Martin Energy's fuel may have qualified as a "necessary" as to the seismic vessels because the fuel was consumed by the seismic vessels. *Id.* at 831, 833. However, the seismic vessels were not parties to the lawsuit. *Id.* at 832. The Fifth Circuit noted that Martin Energy's request for a lien on the support vessels would constitute "an unprecedented expansion of the CIMLA by extending the concept of 'necessaries' to cargo transported by a vessel." *Id.*

In its Counterclaim, Goliath alleges that it provided decommissioning services to Epic Companies that indirectly benefitted Candy Apple by giving Candy Apple the opportunity to deliver cargo on behalf of Epic Companies and/or Epic Applied Technologies. Goliath cites no authority that supports its argument for imposing a maritime lien in this circumstance. Since Goliath does not allege that it provided services directly to Candy Apple or its vessel, it has failed to state a claim upon which relief can be granted. Goliath's foreclosure of maritime lien claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Goliath's breach of maritime contract and foreclosure of maritime lien claims must be dismissed. Candy Apple's Motion to Dismiss Goliath's negligence claim is denied at this time. Goliath's request for permission to amend its counterclaim, which was included in the body of its Response Memorandum, is denied at this time. After reviewing this Opinion, if Goliath still wishes to file an amended counterclaim, it must file a separate motion to amend along with a proposed amended counterclaim within ten (10) days of the entry of this order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [293] Rule 12(b)(6) Motion to Dismiss Counterclaim of Goliath Offshore Holdings Pte. Ltd. filed by Intervenor Plaintiff Candy Apple, L.L.C. is **GRANTED** as to Goliath's counterclaims for breach of contract and foreclosure of maritime lien and **DENIED** in all other respects.

**SO ORDERED AND ADJUDGED** this the 8th day of October, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE