IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| ARC CONTROLS, INC. | PLAINTIFF |
| v. | CAUSE NO. 1:19CV391-LG-RPM |
| M/V NOR GOLIATH *in rem,* and GOLIATH OFFSHORE HOLDINGS, PTE. LTD., *in personam* | DEFENDANTS |

*consolidated with*

| | |
|---|---|
| DAN BUNKERING (AMERICA) INC. | PLAINTIFF |
| v. | CAUSE NO. 1:19cv935-LG-RPM |
| NOR GOLIATH in rem; GOLIATH OFFSHORE HOLDING PRIVATE LIMITED in personam; EPIC COMPANIES, LLC in personam; EPIC APPLIED TECHNOLOGIES, LLC | DEFENDANTS |

### MEMORANDUM OPINION AND ORDER CONCERNING MATERIAL BARGE AND TUGBOAT MOTIONS FOR SUMMARY JUDGMENT

**BEFORE THE COURT** are the following cross-motions for summary judgment related to the material barge and tugboat parties in this proceeding filed pursuant to the Commercial Instruments and Maritime Liens Act (CIMLA): the [418] Motion for Summary Judgment filed by Goliath Offshore Holdings, Pte. Ltd. and M/V Nor Goliath, the [427] Motion for Summary Judgment filed by Central Boat Rentals, Inc., the [430] Motion for Summary Judgment filed by Curtin

Maritime Corporation, the [432] Motion for Summary Judgment filed by Global Towing Service, LLC, and Offshore Towing, Inc., the [435] Motion for Summary Judgment filed by MARMAC, LLC, the [437] Motion for Summary Judgment filed by McAllister Towing of New York, LLC, the [439] Motion for Summary Judgment filed by Central Boat Rentals, Inc., and the [420] Motion for Oral Argument filed by Goliath and NOR GOLIATH.[1]

## BACKGROUND

Goliath Offshore Holdings PTE. owns the M/V NOR GOLIATH, which is a "self-propelled oceangoing ship equipped with a crane to perform heavy lifts for construction and in some cases platform decommissioning." (Def.'s Mot. Ex. A, ECF No. 418-2). "Decommissioning" refers to the deconstruction and salvage of offshore platforms for oil and gas wells that are no longer productive. *See* 30 C.F.R. §§ 250.1700-1704. At all relevant times, NOR GOLIATH was operating under a bareboat charter with Magrem Investments, Ltd., who subsequently entered a time charter with Epic Companies, LLC. Epic executed a charter guarantee with Goliath. NOR GOLIATH's work for Epic involved lifting the components of an abandoned oil platform and placing them on material barges owned by MARMAC. The barges owned by MARMAC were transferred to and from the NOR GOLIATH by tugboats owned by Central, Curtin, McAllister, Offshore, and Global. Epic filed for bankruptcy protection on August 26, 2019, which left MARMAC, the tugboat

---

[1] Central's second [439] Motion for Summary Judgment appears to be a duplicate of its first [427] Motion for Summary Judgment.

owners, and several other entities without payment for the goods and services they provided for the platform decommissioning project. (*See* Notice of Suggestion of Bankruptcy, ECF No. 125).

On July 12, 2019, Arc Controls, Inc., sued Goliath i*n personam* and NOR GOLIATH *in rem*, claiming that it was not paid for repairs it performed on and necessaries it provided to the NOR GOLIATH during the decommissioning. MARMAC, the tugboat owners, and several others filed claims of intervention. Arc, Goliath, and NOR GOLIATH entered into a settlement agreement, and Arc's claims have been dismissed. (Order, ECF No. 348). The remaining parties have filed numerous motions for summary judgment. This Memorandum Opinion and Order addresses the cross-motions for summary judgment filed by Goliath and NOR GOLIATH as well as the material barge and tugboat owners. Goliath and NOR GOLIATH argue that the tugboat and material barge claims filed against them should be dismissed because the material barges and tugboats did not provide "necessaries" to NOR GOLIATH. The tugboat and material barge owners seek a determination that they have enforceable maritime liens as a matter of law.

## DISCUSSION

CIMLA provides that a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner has a maritime lien on the vessel and may bring a civil action in rem to enforce the lien. 46 U.S.C. § 31342(a)(1), (2). The lien "is a special property right in the vessel," which "grants the creditor the right to appropriate the vessel, have it sold, and be repaid the debt from the

proceeds." *Martin Energy Servs., L.L.C. v. Bourbon Petrel M/V*, 962 F.3d 827, 830 (5th Cir. 2020) (quoting *Equilease Corp. v. M/V Sampson*, 793 F.2d 598, 602 (5th Cir. 1986)). Charterers, like Epic, "are presumed to have authority to procure necessaries for a vessel." 46 U.S.C. § 31341(a).

In the present case, the only dispute is whether the services provided were "necessaries" to the NOR GOLIATH under CIMLA. The term "necessaries" "includes repairs, supplies, towage, and the use of a dry dock or marine railway." 46 U.S.C. § 31301(4).

> In that regard, necessaries are the things that a prudent owner would provide to enable a ship to perform well the functions for which she has been engaged. The term, which has a broad meaning, includes most goods or services that are useful to the vessel, keep her out of danger, and enable her to perform her particular function. These are items useful to vessel operations and necessary to keep the ship going.

*Martin Energy*, 962 F.3d at 831 (internal quotation marks and citations omitted).

## I. MATERIAL BARGE CLAIMS

MARMAC seeks enforcement and recognition of its lien against the Goliath for providing material barges for the project. Goliath and NOR GOLIATH argue that this Court's prior [361] Memorandum Opinion and Order concerning Candy Apple's Motion to Dismiss Goliath's Counterclaim and the decision in *Bibby Offshore Limited v. EMAS Chiyoda Subsea, Inc.*, No. 2:17cv33, 2018 WL 2473878 (S.D. Tex. June 4, 2018), provide support for their argument that MARMAC did not provide NOR GOLIATH with "necessaries."

First, this Court's Candy Apple decision is distinguishable. This Court held that Goliath's counterclaim for foreclosure of maritime lien should be dismissed

because Goliath and NOR GOLIATH provided no services to Candy Apple; Candy Apple actually provided services to NOR GOLIATH by transporting fuel, crewmembers, and other material to the NOR GOLIATH. MARMAC's material barges, on the other hand, provided a direct service to NOR GOLIATH by providing it a surface on which to place the platform components that NOR GOLIATH was removing.

As for the *Bibby* decision, EMAS chartered the M/V LEWEK EXPRESS, "a reeled pipe-lay vessel designed to lower flexible oil and gas pipelines to the seafloor." *Bibby*, 2018 WL 2473878, at *2. EMAS also entered into a contract with Bibby to provide the M/V BIBBY SAPPHIRE and personnel to perform diving and engineering work. *Id.* The district court adopted the magistrate judge's finding that the services Bibby provided to the LEWEK were not "necessaries" under CIMLA. *Id.* at *3. The court noted that Bibby had not presented "any authority for a legal interpretation that work performed in tandem to complete a single job constitutes the provision of necessaries from one contracted entity to another." *Id.* The court further explained:

> [T]he evidence fail[ed] to show that Bibby substituted its work for that which the [LEWEK] was supposed to do or, without which, the [LEWEK] could not function as a vessel. Without that evidence, the record reflects only that Bibby did that which Bibby contracted to do, in coordination with the [LEWEK]'s provision of its particular functions. The fact that both were essential components of getting the job of pipe-laying done does not make each the provider of necessaries to the other.

*Id.* at *2.

MARMAC argues that the *Bibby* decision is distinguishable because the LEWEK was capable of performing its job of lowering the pipe to the sea floor without Bibby's assistance, while the NOR GOLIATH could only perform its work if it had somewhere to place the platform parts that its cranes lifted. MARMAC claims that its material barges provided this necessary assistance to NOR GOLIATH.

The Court agrees that *Bibby* is distinguishable from the facts pertinent to the present Motion. "What is a 'necessary' is to be determined relative to the requirements of the ship." *Equilease*, 793 F.2d at 603. "It is the present, apparent want of the vessel, not the character of the thing supplied, which makes it a necessary." *Id.* As MARMAC correctly explained, "The material barges . . . were necessary to the NOR GOLIATH because the [NOR] GOLIATH needed material barges to complete one lift and move on to the next one." (MARMAC's Mem., at 17, ECF No. 436). The MARMAC material barges that provided this service to the NOR GOLIATH were "necessaries" for the NOR GOLIATH on this project. Therefore, MARMAC has a valid maritime lien on the NOR GOLIATH.

NOR GOLIATH and Goliath raise several issues concerning the amount of MARMAC's lien. However, MARMAC's Motion for Partial Summary Judgment only seeks recognition that it has a valid maritime lien, subject to a later determination of the amount of its lien.

## II. TUGBOAT CLAIMS

The tugboat owners, Central, Curtin, McAllister, Offshore, and Global, seek enforcement and recognition of their liens against the NOR GOLIATH for providing towing services.

> [T]he law of maritime liens has consistently recognized that a maritime lien attaches only to the specific vessel to which services are provided. *See, e.g.,* 46 U.S.C. § 31342 (2004) ("[A] person providing necessaries to a vessel on the order of the owner or a person authorized by the owner-(1) has a maritime lien on *the* vessel . . . .") (emphasis added); *Piedmont & Georges Creek Coal Co. v. Seaboard Fisheries Co.*, 254 U.S. 1, 4 (1920) ("[O]ne vessel of a fleet cannot be made liable under the [Federal Maritime Lien Act] for supplies furnished to the others, even if the supplies are furnished to all upon orders of the owner under a single contract.").

*PNC Bank Del. v. F/V MISS LAURA*, 381 F.3d 183, 185-86 (3d Cir. 2004). As discussed in the Fifth Circuit's recent decision in *Martin Energy Services, L.L.C. v. Bourbon Petrel M/V*, 962 F.3d 827 (5th Cir. 2020), goods or services are deemed a "necessary" to vessels to perform their "particular function" only in cases where the goods or services were "provided for use by the vessel itself, and the resulting lien ran against the vessel." *Id.* at 832-33. The Fifth Circuit explained that Martin Energy's fuel may have qualified as a "necessary" as to the seismic vessels because the fuel was consumed by the seismic vessels. *Id.* at 831, 833. However, the seismic vessels were not parties to the lawsuit. *Id.* at 832.

The tugboat owners' argument in support of their claim is seductive. After all, the material barges could not have provided goods and services to the vessel without the towing services provided to the material barges by the tugboats. In other words, the tugboats seek to hold the vessel responsible for the collateral or

secondary benefit of towing the material barges to the vessel. The tugboats towed the material barges, not the NOR GOLIATH. Consequently, the direct beneficiaries of the tugboat towing services were the material barges, not the NOR GOLIATH. Although the NOR GOLIATH and the tugboats were arguably part of the same fleet, and although as noted above the material barges provided "necessaries" to the vessel, the NOR GOLIATH cannot be held liable under CIMLA for services that the tugboats provided directly to the material barges. As a result, Goliath and NOR GOLIATH are entitled to judgment as a matter of law.

## CONCLUSION

As explained previously, a maritime lien attaches only to the specific vessel to which services are provided. *See Martin Energy Servs.,* 962 F.3d at 832-33 (holding that goods or services are deemed a "necessary" to vessels to perform their "particular function" only in cases where the goods or services were "provided for use by the vessel itself, and the resulting lien ran against the vessel."). The tugboats that towed the MARMAC material barges did not provide a necessary service directly to the NOR GOLIATH. However, the material barges did provide a necessary service directly to the NOR GOLIATH. As a result, the tugboat claims must be dismissed, and the material barge claims must be enforced subject to a subsequent determination as to the amount of MARMAC's lien. The Motion for Oral Argument is denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [418] Motion for Summary Judgment filed by Goliath Offshore Holdings, Pte. Ltd. and M/V Nor

Goliath is **GRANTED** as to the claims asserted by Central Boat Rentals, Inc., Curtin Maritime Corporation, Global Towing Service LLC, Offshore Towing, Inc., and McAllister Towing of New York, LLC, and **DENIED** in all other respects.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the [427] Motion for Summary Judgment filed by Central Boat Rentals, Inc., the [430] Motion for Summary Judgment filed by Curtin Maritime Corporation, the [432] Motion for Summary Judgment filed by Global Towing Service, LLC, and Offshore Towing, Inc., the [437] Motion for Summary Judgment filed by McAllister Towing of New York, LLC, and the [439] Motion for Summary Judgment filed by Central Boat Rentals, Inc., are **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the [435] Motion for Summary Judgment filed by MARMAC, LLC, is **GRANTED**.  The Court finds that MARMAC has an enforceable maritime lien on the NOR GOLIATH as a matter of law, but the Court reserves judgment as to the amount of MARMAC's lien.

**SO ORDERED AND ADJUDGED** this the 17th day of May, 2021.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE