IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| ARC CONTROLS, INC., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. 1:19-cv-391-LG-RPM |
| ) | |
| M/V NOR GOLIATH, *in rem*, and ) | *Consolidated with:* |
| GOLIATH OFFSHORE HOLDINGS PTE. ) | CASE NO. 1:19-cv-395-HSO-JCG |
| LTD., *in personam* ) | |
| _____ ) | |

**DEFENDANTS' MOTION FOR RECONSIDERATION**

**COME NOW,** Defendants, M/V NOR GOLIATH, *in rem,* and GOLIATH OFFSHORE HOLDINGS PTE. LTD., *in personam* (collectively "Defendants" or "Goliath"), who respectfully move this Court for reconsideration of its ruling granting MARMAC, LLC's (MARMAC) motion for partial summary judgment and denying Goliath's cross-Motion for Summary Judgment. Rec. Doc. No. 501. A clear error exists in the Court's ruling, as the NOR GOLIATH could perform its work without having the barges available to place the platform parts that its cranes lifted.[1] Thus, this court should grant Goliath's Motion for Reconsideration and find that the barges provided by MARMAC, LLC were not necessary to the NOR GOLIATH and that MARMAC does not hold a valid maritime lien.

The Federal Rules of Civil Procedure do not provide specifically for motions for reconsideration. *Cressionnie v. Hample,* 184 F. App'x 366, 369 (5th Cir. 2006); *Shepherd v. Int'l Paper Co.,* 372 F.3d 326, 328 (5th Cir. 2004). Motions for reconsideration typically are analyzed under the same standards as Rule 59(e) motions. *In re Stangel,* 68 F.3d 857, 859 (5th Cir. 1995).

---

[1] See Exhibit "A" Declaration of Richard Currence.

There are three possible grounds for granting any motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or fact to prevent manifest injustice. *Atkins v. Marathon LeTourneau Co.,* 130 F.R.D. 625, 626 (S.D. Miss. 1990). Here, a clear, manifest error of fact is present in that the NOR GOLIATH did not need "material barges to complete one lift and move on to the next one." Rec. Doc. No. 501, p. 6.

**WHEREFORE,** for the reasons set forth herein, in the attached exhibits, and in the memorandum filed simultaneously herewith, Defendants, M/V NOR GOLIATH, *in rem,* and GOLIATH OFFSHORE HOLDINGS PTE. LTD., *in personam,* pray that after due proceedings, whether by summary judgment or alternately trial on the merits, this Court find that the barges supplied by MARMAC were not necessaries and that MARMAC's claims against Goliath be dismissed with prejudice.

    Respectfully submitted:

    /s/Miles P. Clements
    James G. Wyly, III, MS Bar 7415
    Phelps Dunbar LLP
    2602 13th Street, Suite 300
    Gulfport, Mississippi 39501
    info@phelps.com
    Telephone:   (228) 679-1130
    Facsimile:   (228) 679-1131
    E-Mail:   jim.wyly@phelps.com

    -and-

    Miles P. Clements, T.A. (4184)
    Joseph E. Lee III (26968)
    Zachary J. Ardoin (37575)
    Phelps Dunbar LLP
    Canal Place
    365 Canal Street, Suite 2000
    New Orleans, Louisiana  70130
    Telephone:   (504) 566-1311

|  |  |
|---|---|
| Facsimile: | (504) 568-9130 |
| E-Mail: | miles.clements@phelps.com |
|  | josh.lee@phelps.com |

Counsel for Defendants M/V NOR GOLIATH, *in rem*, and GOLIATH OFFSHORE HOLDINGS PTE. LTD., *in personam*

## **Certificate of Service**

     I HEREBY CERTIFY that, on the 9th day of June, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, that service was accomplished through the Notice of Electronic Filing on Filing Users, and that service was accomplished on any party or counsel who is not a Filing User by other means in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

                                           /s/Miles P. Clements