UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ARC CONTROLS, INC.

VERSUS                                    CASE NO. 1:19-cv-00391-LG-RPM

M/V NOR GOLIATH, *In Rem,* and           *Consolidated with:*
GOLIATH OFFSHORE HOLDINGS                 Case No. 1:19-cv-00395-LG-RPM
PTE.LTD, *In Personam*


**MEMORANDUM IN OPPOSITION TO GOLIATH'S
MOTION FOR RECONSIDERATION**

**MAY IT PLEASE THE COURT:**

Plaintiff-in-Intervention, MARMAC, LLC, a Louisiana limited liability company doing business as McDonough Marine Service ("MARMAC"), respectfully submits its Memorandum in Opposition to the Motion for Reconsideration (R. Doc. 502, 503) filed on behalf of Goliath Offshore Holdings, Pte. Ltd. and the M/V NOR GOLIATH ("Goliath"). Based on the applicable law and facts, this Court correctly determined that MARMAC is entitled to recognition and enforcement of its maritime lien rights against the M/V NOR GOLIATH. Goliath has not justified the extraordinary remedy of granting reconsideration. For the reasons discussed below, MARMAC respectfully requests that Goliath's motion be denied.

**BACKGROUND**

MARMAC and Goliath filed cross-motions for summary judgment on the issue of MARMAC's lien claim against the GOLIATH. (R. Docs. 418 and 435). After substantial briefing and submission of evidence, this Court granted MARMAC's motion and denied Goliath's motion. (R. Doc. 501). The Court held that "MARMAC has an enforceable maritime lien on the NOR GOLIATH as a matter of law" and reserved ruling on the amount

of MARMAC's claim. *Id.* Goliath now seeks reconsideration of that ruling.  For the reasons discussed below, Goliath's motion is without merit and should be denied in its entirety.

### LAW AND ARGUMENT

As Goliath notes, the Federal Rules of Civil Procedure do not contemplate a motion for reconsideration, but courts analyze such requests under the standard for Rule 59(e) motions.  Federal Rule of Civil Procedure 59(e) grants the Court the power to alter or amend its judgment. Fed. R. Civ. P. 59(e). "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *GuideOne Mut. Ins. Co. v. Rock*, 2009 U.S. Dist. LEXIS 65354, at *8 (N.D. Miss. July 28, 2009) (quoting *Ellis v. Miss. Dep't of Health*, 2009 U.S. Dist. LEXIS 11441 at *4 (N.D. Miss. Feb. 5, 2009)); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). There are three potential grounds for the Court to alter or amend a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Id.* (quoting *Williamson Pounders Architects, P.C. v. Tunica County*, 2008 U.S. Dist. LEXIS 87680, *4 (N.D. Miss. Oct. 29, 2008).

This Court has considerable discretion in deciding whether to grant a motion for reconsideration. *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 355 (5th Cir. 1993). Granting a motion for reconsideration, however, is "an extraordinary remedy and should be used sparingly." *In re Pequeno*, 240 Fed. Appx. 634, 636 (5th Cir. 2007) (citations omitted). A motion for reconsideration under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Ellis*, 2009 U.S. Dist. LEXIS 11441 at *3 (citing *Rosenzweig v. Azurix Corp.,* 332

F.3d 854, 863 (5th Cir. 2003)); *Nationalist Movement v. Town of Jena*, 321 Fed. Appx. 359, 2009 U.S. App. LEXIS 6833, *11 (5th Cir. Apr. 1, 2009) ("Motions for reconsideration should not be used to raise arguments that could have been made before the entry of judgment or to re-urge matters that have already been advanced by a party.") (citing *Waltman v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th Cir. 1989)).

**A.    Goliath Has Not Justified the Extraordinary Remedy of Granting Reconsideration**

Goliath does not argue that there has been an intervening change in controlling law or that new evidence has come to light that was not previously available. Nor does Goliath argue that reconsideration is justified because of a clear error of law or to prevent manifest injustice.  Instead, Goliath seeks reconsideration of the Court's well-reasoned determination that MARMAC holds a valid and enforceable lien against it because, as Goliath argues, the Court's ruling contains a "clear factual error."  (R. Doc. 503, p. 1).

The alleged "clear factual error" involves the Court's determination that the GOLIATH needed MARMAC's material barges to complete one lift and move on to the next one.  (R. Doc. 503, p. 2).  In support of this argument, Goliath raises arguments that could have been made before the entry of judgment and/or re-urges matters that have already been advanced.  Goliath also attempts to rely on a declaration to introduce evidence of how the Goliath has operated on other occasions to argue that it could have—but didn't—operate the same way in this case.  These arguments are insufficient to justify the extraordinary remedy of granting reconsideration.

**1.    *Goliath raises arguments that could have been made before the entry of judgment and/or re-urges matters that have already been advanced.***

The notion that the GOLIATH could function and has functioned on other

3

decommissioning projects without the use of material barges could have been, and in fact was, raised in response to MARMAC's motion for summary judgment.  In MARMAC's supporting memorandum, MARMAC argued that: "[t]he material barges provided by MARMAC were necessary to the NOR GOLIATH because the GOLIATH needed material barges to complete one lift and move on to the next one."  R. Doc. 436, p. 17.  MARMAC also included the following as its Statement of Uncontested Fact No. 7 in support of its motion:

> Without the services of the MARMAC barges, the NOR GOLIATH could not function because it needed the barges to land and secure the many platform components and structures it salvaged from the various platforms it decommissioned.

R. Doc. 436-9, p. 2.

Goliath denied this statement of fact and further responded "Goliath could and did function without the MARMAC barges." (R. Doc. 479-1, p. 3).  This is essentially the argument that is now being advanced in the motion for reconsideration.  When it opposed MARMAC's motion for summary judgment, Goliath could have, but did not, submit any evidence in support of this contention, such as the declaration of Mr. Currence attached to its current motion.  (R. Doc. 503-1).  Nor did Goliath make any arguments on this point in its opposition memorandum.  Currence was presumably aware of the GOLIATH's prior decommissioning projects—one of which took place in July 2018—at the time that Goliath opposed MARMAC's summary judgment.  This is not new evidence or argument and could have been presented in Goliath's opposition.  It should not be considered now in the form of Goliath's request for reconsideration.

**2.      Goliath's arguments about what the GOLIATH could have done or what it has done on other decommissioning projects are of no moment in this case.**

Notwithstanding that these arguments could have been raised before the Court granted MARMAC's summary judgment motion, Goliath's attempt to parse what may or may not have been a "necessary" to the GOLIATH on *prior* projects has no bearing on the GOLIATH's work that is at issue *in this case*.  The GOLIATH's theoretical capability and past operation does not dictate what qualifies as a necessary in every case.

Under CIMLA, "any person furnishing repairs, supplies, towage, usage of drydock or marine railway, or other necessaries, to a vessel on the order of the owner or a person authorized by the owner has a maritime lien on that vessel."  *Econ. Stone Midstream Fuel, LLC v. M/V A.M. Thompson*, 2009 WL 2767681, at *4 (N.D. Miss. Aug. 27, 2009) (citing *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.* 346 F.3d 552, 556 (5th Cir. 2003); 46 U.S.C. §§ 31301, 31342).  Under Goliath's interpretation of what constitutes a necessary, a vessel could argue that certain supplies or towage or other necessaries furnished on a particular occasion were not, in fact, necessaries because the vessel had operated on previous occasions without them.  As Goliath notes, courts look to "the **present**, apparent want of the vessel" in determining whether something is a necessary. *Equilease Corp. v. M/V SAMPSON*, 793 F.2d 598, 603 (5th Cir. 1998) (citing 2 Benedict on Admiralty § 34 (7th ed.1984)) (emphasis added).  There is no instruction for courts to look to historical operations of a vessel to see what it may or have not have needed in the past.

Goliath argues that the requirements of the ship are distinct from the requirements of the project.  However, the Fifth Circuit has stated that "[n]ecessaries are things that a prudent owner would provide to enable a ship to perform well the functions **for which she**

**has been engaged.**" *Gulf Marine & Indus. Supplies, Inc. v. GOLDEN PRINCE M/V*, 230 F.3d 178, 180 (5th Cir.2000) (quoting *Equilease Corp. v. M/V SAMPSON,* 793 F.2d 598, 603 (5th Cir. 1998)) (emphasis added).  This implies that the specific function for which the vessel has been engaged informs the analysis of what is presently a necessary.  Here, the GOLIATH was engaged to perform heavy lifts and needed the material barges to complete one lift and move on to the next one.  The Court correctly determined that MARMAC has a valid and enforceable lien against the GOLIATH. Reconsideration should be denied.

**B.      Goliath's Request for Alternative Relief is the Functional Equivalent of a Denial of MARMAC's Summary Judgment and Should Also be Rejected**

Goliath argues in the alternative that this issue requires evidence to resolve the opposing contentions of the parties and should proceed to trial on the merits.  This request for alternative relief is the functional equivalent of a reconsideration and denial of MARMAC's already granted motion for summary judgment.  The time for presenting evidence to resolve the opposing contentions of the parties was in response to MARMAC's motion.  Goliath's request for alternative relief should also be denied.

**CONCLUSION**

Based on the applicable law and facts, this Court correctly determined that MARMAC is entitled to recognition and enforcement of its maritime lien rights against the M/V NOR GOLIATH.  Goliath presents an argument that could have been, and in fact was, raised in response to MARMAC's motion for summary judgment but lacked any supporting evidence.   Regardless, the GOLIATH's theoretical capability and past operation does not dictate what qualifies as a necessary in this case.  Goliath has not

justified the extraordinary remedy of granting reconsideration.   The motion should be denied.

Respectfully submitted:

**_s/André J. Mouledoux_**
GERARD J. DRAGNA (MS Bar #104083)
ANDRÉ J. MOULEDOUX (*Pro Hac Vice*)
TREVOR M. CUTAIAR (*Pro Hac Vice*)
Mouledoux, Bland, Legrand & Brackett
701 Poydras Street, Suite 600
New Orleans, LA  70139
Telephone:   504-595-3000
Facsimile:     504-522-2121
E-Mail:  amouledoux@mblb.com
            tcutaiar@mblb.com
            gdragna@mblb.com

*Counsel for Plaintiffs-in-Intervention,*
*MARMAC, LLC*
Memo Opposition to Motion Reconsideration

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2021, I electronically filed the foregoing with the Clerk of Court by using CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

**_s/André J. Mouledoux_**