UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| ARC CONTROLS, INC., <br>     Plaintiff, <br><br> v. <br><br> M/V NOR GOLIATH, *in rem*, and <br> GOLIATH OFFSHORE HOLDINGS PTE. <br> LTD., *in personam* | ) <br> ) <br> ) <br> ) <br> )   CASE NO. 1:19-cv-391-LG-RPM <br> ) <br> )   Consolidated with: <br> )   CASE NO. 1:19-cv-395-LG-RPM <br> ) <br> ) |

**REPLY TO MARMAC'S OPPOSITION
TO GOLIATH'S MOTION FOR RECONSIDERATION**

**MAY IT PLEASE THE COURT:**

Defendants, M/V NOR GOLIATH, *in rem,* and GOLIATH OFFSHORE HOLDINGS PTE. LTD., *in personam* (collectively "Defendants" or "Goliath"), respectfully submit this reply memorandum in support of their Motion for Reconsideration (Rec. Doc. No. 502, 503) and in response to MARMAC, LLC's ("MARMAC") Opposition to Goliath's Motion for Reconsideration. Rec. Doc. No. 509, 510.

MARMAC's Opposition shines the spotlight on why MARMAC's Summary Judgment Motion should not have been granted. MARMAC argued that: "[t]he material barges provided by MARMAC were necessary to the NOR GOLIATH because the GOLIATH needed material barges to complete one lift and move on to the next one." Rec. Doc. No. 436, p. 17. MARMAC also included a similar statement in its Uncontested Facts, claiming the NOR GOLIATH "could not function because it needed the barges to land and secure the many platform components and structures it salvaged…" Rec. Doc. No. 436-9, p. 2. Incredibly, in support of this fact MARMAC cited to Rec. Doc. No. 419, pg. 4, Goliath own summary judgment motion, where Goliath describes

1

the various vessels *Epic* hired to perform *Epic's* project. In its Opposition to MARMAC's Motion for Summary Judgment, Goliath denied this statement of fact, stating that "Goliath could and did function without the MARMAC barges." Rec. Doc. No. 479-1, p. 2. Goliath's mission was to perform heavy-lifts and it did not need the barges to accomplish this task or to function as a vessel.

This issue created a disputed material fact that precludes summary judgment. Instead, this Court simply accepted MARMAC and its attorney's statement as true, without adequate proof. The facts presented on summary judgment should be viewed in the light most favorable to the non-moving party. Here, that is Goliath. The Declaration of Mr. Currence makes it clear beyond any doubt that the NOR GOLIATH did not need MARMAC's barges to perform its mission as a heavy lift vessel. Because a manifest error of law and fact exists over whether the MARMAC barges were "necessaries" to the NOR GOLIATH, this Court should reconsider its ruling granting MARMAC's Motion for Summary Judgment and allow the parties to proceed to trial and present evidence and testimony on this issue.

                              Respectfully submitted:

                              /s/Miles P. Clements
                              James G. Wyly, III, MS Bar 7415
                              Phelps Dunbar LLP
                              2602 13th Street, Suite 300
                              Gulfport, Mississippi 39501
                              info@phelps.com
                              Telephone:   (228) 679-1130
                              Facsimile:    (228) 679-1131
                              E-Mail:       jim.wyly@phelps.com

                              -and-

Miles P. Clements, T.A. (4184)
Joseph E. Lee III (26968)
Zachary J. Ardoin (37575)
Phelps Dunbar LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana  70130
Telephone:     (504) 566-1311
Facsimile:      (504) 568-9130
E-Mail:          miles.clements@phelps.com
                      josh.lee@phelps.com

Counsel for Defendants M/V NOR GOLIATH, *in rem*, and GOLIATH OFFSHORE HOLDINGS PTE. LTD., *in personam*

## Certificate of Service

I HEREBY CERTIFY that, on the 25th day of June, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, that service was accomplished through the Notice of Electronic Filing on Filing Users, and that service was accomplished on any party or counsel who is not a Filing User by other means in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

/s/Miles P. Clements