IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| ARC CONTROLS, INC. | PLAINTIFF |
| v. | CAUSE NO. 1:19CV391-LG-RPM |
| M/V NOR GOLIATH *in rem,* and GOLIATH OFFSHORE HOLDINGS, PTE. LTD., *in personam* | DEFENDANTS |

*consolidated with*

| | |
|---|---|
| DAN BUNKERING (AMERICA) INC. | PLAINTIFF |
| v. | CAUSE NO. 1:19cv935-LG-RPM |
| NOR GOLIATH in rem; GOLIATH OFFSHORE HOLDING PRIVATE LIMITED in personam; EPIC COMPANIES, LLC in personam; EPIC APPLIED TECHNOLOGIES, LLC | DEFENDANTS |

### ORDER GRANTING THE GOLIATH DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ATTORNEYS' FEES

**BEFORE THE COURT** is the [421] Motion for Summary Judgment on Attorneys' Fees filed by the defendants, M/V NOR GOLIATH and Goliath Offshore Holdings Pte. Ltd. (hereafter sometimes collectively referred to as "Goliath"). The parties have fully briefed the Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion should be granted.

## DISCUSSION

The events relevant to this lawsuit arose out of an oil platform decommissioning project conducted by Epic Companies, LLC. Numerous entities that provided goods and services for the project were left unpaid after Epic filed for bankruptcy protection. These aggrieved parties filed claims seeking maritime liens against the vessel chartered by Epic, M/V NOR GOLIATH, pursuant to the Commercial Instruments and Maritime Liens Act ("CIMLA"). Goliath has filed the present Motion seeking judgment as a matter of law as to the claims for attorney's fees asserted in these parties' Complaints.

"The general rule in admiralty is that attorneys' fees are not recoverable by the prevailing party." *Genesis Marine, L.L.C. of Del. v. Hornbeck Offshore Servs., L.L.C.*, 951 F.3d 629, 631 (5th Cir. 2020) (quoting *Delta Steamship Lines, Inc. v. Avondale Shipyards, Inc.*, 747 F.2d 995, 1011 (5th Cir. 1984)). "Therefore, absent statute or enforceable contract, litigants must pay their own attorneys' fees." *Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 405 (5th Cir. 2003). CIMLA does not provide for an award of attorneys' fees, and none of the claimants have produced a contract that would permit such an award. However, some of the claimants oppose Goliath's Motion because a maritime defendant may have *in personam* liability for attorneys' fees as a sanction for bad conduct. The claimants wish to preserve their right to seek attorneys' fees as a sanction, if necessary, at a later time.

Goliath's Motion only seeks dismissal of the claimants' demands for attorneys' fees included in their Complaints. As a result, Goliath's Motion seeking summary judgment as to the claims for attorneys' fees is granted. The claimants will not be precluded from seeking sanctions, if appropriate.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [421] Motion for Summary Judgment on Attorneys' Fees filed by the defendants, M/V NOR GOLIATH and Goliath Offshore Holdings Pte. Ltd., is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 12th day of July, 2021.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE