IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| ARC CONTROLS, INC. | PLAINTIFF |
| v. | CAUSE NO. 1:19CV391-LG-RPM |
| M/V NOR GOLIATH *in rem,* and GOLIATH OFFSHORE HOLDINGS, PTE. LTD., *in personam* | DEFENDANTS |

*consolidated with*

| | |
|---|---|
| DAN BUNKERING (AMERICA) INC. | PLAINTIFF |
| v. | CAUSE NO. 1:19cv935-LG-RPM |
| NOR GOLIATH in rem; GOLIATH OFFSHORE HOLDING PRIVATE LIMITED in personam; EPIC COMPANIES, LLC in personam; EPIC APPLIED TECHNOLOGIES, LLC | DEFENDANTS |

**ORDER GRANTING THE GOLIATH DEFENDANTS'**
**<u>MOTION FOR RECONSIDERATION</u>**

**BEFORE THE COURT** is the [502] Motion for Reconsideration filed by Goliath Offshore Holdings, Pte. Ltd. and M/V NOR GOLIATH (sometimes collectively referred to as "Goliath"). Goliath seeks reconsideration of this Court's [501] Memorandum Opinion and Order granting the [435] Motion for Partial Summary Judgment filed by MARMAC, LLC, and denying the [418] Motion for Summary Judgment filed by Goliath. The parties have fully briefed the Motion for

Reconsideration. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Goliath's Motion should be granted and that this Court's [501] Memorandum Opinion and Order should be amended to deny the [435] Motion for Partial Summary Judgment filed by MARMAC, LLC.

## BACKGROUND

The events relevant to this lawsuit arose out of an oil platform decommissioning project conducted by Epic Companies, LLC. Epic filed for bankruptcy protection, so numerous entities that provided goods and services for the project were left unpaid. These aggrieved parties, including MARMAC, filed claims seeking maritime liens against the vessel chartered by Epic, M/V NOR GOLIATH. This Court granted MARMAC's Motion for Partial Summary Judgment, finding that MARMAC is entitled to a maritime lien on the M/V NOR GOLIATH. The Court also denied Goliath's Motion seeking summary judgment as to MARMAC's claim for a lien. Goliath now seeks reconsideration of these decisions.

## DISCUSSION

Goliath filed its Motion to Reconsider pursuant to Fed. R. Civ. P. 59(e), but the Motion is actually governed by Fed. R. Civ. P. 54(b) because no final judgment has been entered in this case. *See McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018). Rule 54(b) permits the district court "to reconsider and reverse its decision for any reason it deems sufficient." *Id.*

M/V NOR GOLIATH's work for Epic involved lifting the components of an abandoned oil platform and placing them on material barges owned by MARMAC for transport. MARMAC and others sued Goliath under the Commercial Instruments and Maritime Liens Act ("CIMLA"), which provides that a person providing "necessaries" to a vessel on the order of the owner or a person authorized by the owner has a maritime lien on the vessel and may bring a civil action in rem to enforce the lien. *See* 46 U.S.C. § 31342(a)(1), (2). "While not defining 'necessaries,' CIMLA furnishes an illustrative list: 'repairs, supplies, towage, and the use of a dry dock or marine railway.'" *Martin Energy Servs., L.L.C. v. Bourbon Petrel M/V*, 962 F.3d 827, 831 (5th Cir. 2020) (quoting 46 U.S.C. § 31301(4)). Goliath and MARMAC disagree over whether the services provided by the materials barges were "necessaries" as to the NOR GOLIATH under CIMLA.

Goliath correctly notes that "[w]hat is a 'necessary' is to be determined relative to the requirements of the ship." *See Equilease Corp. v. M/V Sampson*, 793 F.2d 598, 603 (5th Cir. 1986). It argues that this statement supports its argument that the Court erred by focusing on M/V NOR GOLIATH's needs on this particular project instead of considering the vessel's general capabilities. A closer look at the *Equilease* opinion reveals otherwise, for the Fifth Circuit also explained:

> The term "necessary" under the FMLA includes most goods or services that are useful to the vessel, keep her out of danger, and *enable her to perform her particular function*. Necessaries are the things that a prudent owner would provide to enable a ship *to perform well the functions for which she has been engaged*.

*Equilease*, 793 F.2d at 603 (emphasis added).[1] The pertinent question is "what is reasonably needed in the ship's business . . . . And to determine this, regard must be had to the character of the voyage or the employment in which the vessel is being used." *J. Ray McDermott & Co. v. Off-Shore Menhaden Co.*, 262 F.2d 523, 525 (5th Cir. 1959). The Fifth Circuit reiterated this analysis while reviewing the current version of the statute, CIMLA. *See Martin Energy*, 962 F.3d at 831 (holding that "necessaries" has a broad meaning that includes "things that a prudent owner would provide to enable a ship to perform well the functions for which she has been engaged"). As a result, under Fifth Circuit precedent, courts must focus on the goods and services necessary for the vessel's particular function for which it has been engaged.

In support of its Motion for Reconsideration, Goliath relies on a new affidavit signed by its "Owner's Representative," Richard Currence, Jr. (Goliath's Mot., Ex. A, ECF No. 502-1). He testifies that "[t]he M/V NOR GOLIATH could perform its function and has performed its function of performing heavy-lifts and decommissioning oil and gas platforms without the use of material barges." (*Id.*) He explains that "[t]he M/V NOR GOLIATH has lifted entire platform components and moved those components on its own propulsion to another location for use in a Rig-to-Reef project without any assistance from another vessel or material barge."

---

[1] "In 1988, CIMLA recodified the 1910 Federal Maritime Lien Act ('FMLA'), 46 U.S.C. §§ 971-975, without changing its substance." *Martin Energy Servs.*, 962 F.3d at 831.

(*Id.*)  He provides information concerning another project in which M/V NOR GOLIATH removed a platform without assistance from a material barge.

It appears undisputed that Epic chartered the M/V NOR GOLIATH to lift pieces of the platform and place them on material barges that transported the pieces to shore.  Mr. Currence's testimony does not provide enough factual information for the Court to determine whether the material barges provided necessary services to the M/V NOR GOLIATH in performing this work.  For example, it is unclear whether the M/V NOR GOLIATH could have safely lifted and transported this particular platform on its own or why Epic would have utilized material barges if they were unnecessary for completion of the project.  Nevertheless, the Court finds that Mr. Currence's new testimony creates a genuine issue of material fact that precludes summary judgment in favor of MARMAC.  The presence of genuine issues of material fact also precludes entry of summary judgment in favor of Goliath as to MARMAC's claim.

## CONCLUSION

Goliath's Motion for Reconsideration is granted.  The Court's prior [501] Memorandum Opinion and Order is amended to deny the [435] Motion for Partial Summary Judgment filed by MARMAC, LLC, for the reasons stated in this Order.  The [501] Memorandum Opinion and Order will remain unchanged in all other respects.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [502] Motion for Reconsideration filed by Goliath Offshore Holdings, Pte. Ltd. and M/V NOR

GOLIATH is **GRANTED**.  The Court's prior [501] Memorandum Opinion and Order is **AMENDED** to deny the [435] Motion for Partial Summary Judgment filed by MARMAC, LLC, for the reasons stated in this Order.

**SO ORDERED AND ADJUDGED** this the 12th day of July, 2021.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE