UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| ARC CONTROLS, INC., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. 1:19-cv-391-LG-RPM |
| ) | |
| M/V NOR GOLIATH, *in rem*, and ) | *Consolidated with:* |
| GOLIATH OFFSHORE HOLDINGS PTE. ) | CASE NO. 1:19-cv-395-LG-RPM |
| LTD., *in personam* ) | |
| _____ ) | |

**REPLY IN SUPPORT OF MOTION TO REDUCE COUNTER-SURETY BOND**

**MAY IT PLEASE THE COURT:**

Defendants, M/V NOR GOLIATH, *in rem,* and GOLIATH OFFSHORE HOLDINGS PTE. LTD., *in personam* (collectively "Defendants" or "Goliath"), submit this Reply in support of their Motion to Reduce Counter-Surety Bond and to respond to the Opposition filed by the Towing Companies (Central Boat Rentals, Inc., Curtin Maritime corporation, Offshore Towing, Inc., Global Towing Service, LLC, and McAllister Towing of New York, LLC – collectively, the "Towing Companies). The towing companies were the only Plaintiff-Intervenors who filed an Opposition to Goliath's Motion. Neither of the remaining Plaintiff-Intervenors in this litigation (MARMAC, LLC or Entier USA, Inc.) filed any Opposition to Goliath's Motion by the expedited deadline imposed by this Court.

The Towing Companies claims were dismissed with prejudice following this Court granting Goliath's Motion for Summary Judgment. Rec. Doc. No. 501. The Towing Companies have decided to appeal that ruling, and argue that Goliath should be forced to maintain an additional $1,214,402.99 under the bond, as well as continue to incur the increase in costs associated with that considerable amount. The Towing Companies cite no caselaw in support of

1

their position that a special bond under the Supplemental Rule for Admiralty or Maritime Claims Rule (E)(5) must be maintained through an appeal process undertaken by a claimant. Instead, they cite to the language of the bond. However, this language clearly envisions the payment of a final judgment **against Goliath**, and the appeals process it contemplates is the one that would occur should any final judgment be rendered against Goliath. It does not state, as the Towing Companies allege, that the bond will remain in place following an appeal process of a final judgment against a Plaintiff/Claimant.

The Towing Companies are not appealing any final judgment against Goliath, and at this time no final judgment or judgment of any kind has been entered against Goliath. As the Towing Companies' claims have been dismissed, the amount of their claims against Goliath should no longer be included under the bond. Additionally, Goliath should not be forced to incur the substantial cost and expense of maintaining the Towing Companies under the bond throughout a potentially lengthy appeal process.

Solely in the alternative, Goliath asks that if this Court finds that the Towing Companies' claims should be included under the bond, then the $1,214,402.99 they claim should be added to the $1,230,867.11 previously calculated by Goliath and the bond reduced accordingly to $2,445,270.10.

2

Respectfully submitted:

/s/Miles P. Clements
James G. Wyly, III, MS Bar 7415
Phelps Dunbar LLP
2602 13th Street, Suite 300
Gulfport, Mississippi 39501
info@phelps.com
Telephone: (228) 679-1130
Facsimile: (228) 679-1131
E-Mail: jim.wyly@phelps.com

-and-

Miles P. Clements, T.A. (4184)
Joseph E. Lee III (26968)
Zachary J. Ardoin (37575)
Phelps Dunbar LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: (504) 566-1311
Facsimile: (504) 568-9130
E-Mail: miles.clements@phelps.com
josh.lee@phelps.com

Counsel for Defendants M/V NOR GOLIATH, *in rem*, and GOLIATH OFFSHORE HOLDINGS PTE. LTD., *in personam*

**Certificate of Service**

I HEREBY CERTIFY that, on July 19, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, that service was accomplished through the Notice of Electronic Filing on Filing Users, and that service was accomplished on any party or counsel who is not a Filing User by other means in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

/s/Miles P. Clements

3