UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ARC CONTROLS, INC.

VERSUS

M/V NOR GOLIATH, *In Rem,* and
GOLIATH OFFSHORE HOLDINGS
PTE.LTD, *In Personam*

CASE NO. 1:19-cv-00391-LG-RPM

*Consolidated with:*
Case No. 1:19-cv-00395-LG-RPM

### **MEMORANDUM IN SUPPORT OF RULE 59(e) MOTION TO AMEND OR CORRECT OR, ALTERNATIVELY, RULE 60(a) MOTION FOR RELIEF FROM ORDER**

MAY IT PLEASE THE COURT:

Plaintiffs-in-Intervention, Central Boat Rentals, Inc. ("Central Boat"), Curtin Maritime Corporation ("Curtin Maritime"), Offshore Towing, Inc. ("Offshore Towing), Global Towing Service, LLC ("Global Towing"), and McAllister Towing of New York, LLC ("McAllister") (sometimes collectively "Towing Companies"), respectfully submit this Memorandum in Support of their Rule 59(e) Motion to Amend or Correct or, alternatively, Rule 60(a) Motion for Relief from Order. For the reasons discussed herein, the Towing Companies' motion should be granted and the Court's Order Granting Defendants' Motion to Reduce Counter-Surety Bond should be amended to conform to the arguments and discussion in open court such that, in the event the Towing Companies are successful on appeal, the surety be ordered to increase the bond to cover the amount of the Towing Companies' claims, in addition to the pending claim of MARMAC.

### **BACKGROUND**

At the recent motion hearing and pre-trial conference, the parties presented argument on Goliath's Motion to Reduce Counter-Surety Bond (R. Doc. 512). After arguments of counsel, the Court proposed a compromise solution by which the bond

would be reduced by the amount of the Towing Companies' claims while the dismissal of those claims is on appeal but, should those claims be reinstated by the Fifth Circuit, the bond would then need to be increased by the amount of those claims. The parties conferred as to the amounts at issue and agreed that the amount of the claim asserted by MARMAC is $704,719.29 and the amount of the claims by the Towing Companies is $1,206,316.93.

In its Order implementing this solution, the Court reduced the amount of the bond to $704,719.29, the amount of the still-pending MARMAC claim, with the proviso that "in the event that the United States Court of Appeals for the Fifth Circuit reverses this Court's grant of summary judgment to Goliath and against the Towing Companies claims, and the matter is remanded for further proceedings, the amount of surety is deemed insufficient and shall be increased to $1,206,316.93." (R. Doc. 523).

The Towing Companies respectfully submit that the language of the Order inadvertently leads to a different result than what was contemplated by the parties and the Court at the hearing. In the event the Fifth Circuit reverses the grant of summary judgment on the Towing Companies' claims, the present wording of the Order would still result in the bond being insufficient. Rather than requiring that the bond be increased ***by*** $1,206,316.93, it only requires that it be increased ***to*** $1,206,316.93. Considering the existing bond for the MARMAC claim of $704,719.29, this would result in an increase of only $501,597.64, still leaving the bond insufficient to cover all claims. Requiring that the bond be increased ***by*** $1,206,316.93 rather than ***to*** that amount would then result in a total bond in the amount of $1,911,036.22, which is sufficient to cover all claims.

**LAW AND ARGUMENT**

Federal Rule of Civil Procedure 59(e) grants the Court the power to alter or amend its judgment. Fed. R. Civ. P. 59(e). "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *GuideOne Mut. Ins. Co. v. Rock*, 2009 U.S. Dist. LEXIS 65354, at *8 (N.D. Miss. July 28, 2009) (quoting *Ellis v. Miss. Dep't of Health*, 2009 U.S. Dist. LEXIS 11441 at *4 (N.D. Miss. Feb. 5, 2009)); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). There are three potential grounds for the Court to alter or amend a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Id.* (quoting *Williamson Pounders Architects, P.C. v. Tunica County*, 2008 U.S. Dist. LEXIS 87680, *4 (N.D. Miss. Oct. 29, 2008).

This Court has considerable discretion in deciding whether to grant a motion for reconsideration. *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 355 (5th Cir. 1993). Granting a motion for reconsideration, however, is "an extraordinary remedy and should be used sparingly." *In re Pequeno*, 240 Fed. Appx. 634, 636 (5th Cir. 2007) (citations omitted).

Further, Rule 60(a) provides:

(a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

The Towing Companies respectfully submit that the purpose of the Court's compromise ruling was to reduce the amount of security while the Towing Companies' claims are on appeal but to ensure that, should those claims be remanded to the Court, that there be a provision in place to increase the bond to ensure adequate security for all claims. The Towing Companies request that their motion be granted to correct what it believes to be an inadvertent error, oversight, or omission.

## CONCLUSION

For the reasons discussed herein, the Towing Companies respectfully request that their motion be granted and that the Court enter an amended Order reflecting that, in the event that the United States Court of Appeals for the Fifth Circuit reverses this Court's grant of summary judgment to Goliath and against the Towing Companies claims, and the matter is remanded for further proceedings, the amount of surety is deemed insufficient and shall be increased ***by*** $1,206,316.93.

Respectfully submitted:

***s/André J. Mouledoux***
GERARD J. DRAGNA (MS Bar #104083)
ANDRÉ J. MOULEDOUX (*Pro Hac Vice*)
TREVOR M. CUTAIAR (*Pro Hac Vice*)
Mouledoux, Bland, Legrand & Brackett
701 Poydras Street, Suite 600
New Orleans, LA  70139
Telephone:   504-595-3000
Facsimile:    504-522-2121
E-Mail:  amouledoux@mblb.com
*Counsel for Plaintiffs-in-Intervention, Central Boat Rentals, Inc., Curtin Maritime Corporation, Offshore Towing, Inc., Global Towing Service, LLC, and McAllister Towing of New York, LLC*
MIS Motion to Amend Correct

## CERTIFICATE OF SERVICE

      I hereby certify that on August 24, 2021, I electronically filed the foregoing with the Clerk of Court by using CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

***s/André J. Mouledoux***