IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MARMAC, LLC**                                                                                      **PLAINTIFF**

v.                                                          **CAUSE NO. 1:19CV391-LG-RPM**
                                                                   **CAUSE NO. 1:19CV935-LG-RPM**

**M/V NOR GOLIATH** *in rem,* **and**
**GOLIATH OFFSHORE HOLDINGS,**
**PTE. LTD.,** *in personam*                                                **DEFENDANTS**

**AMENDED ORDER GRANTING DEFENDANTS'**
**MOTION TO REDUCE COUNTER-SURETY BOND**

**BEFORE THE COURT** is the [512] Motion to Reduce Counter-Surety Bond filed by Goliath Offshore Holdings, Pte. Ltd. and M/V NOR GOLIATH (collectively referred to as "Goliath") pursuant to Rule E(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Foreclosure Actions.

On December 26, 2019, Goliath posted a special bond in the amount of $3,921,000.00 as sufficient security in respect to the alleged maritime lien claims filed by the plaintiffs and intervenors pursuant to Rule E(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims. Since then, several claims have been resolved by settlement and/or dismissal. The remaining claims include MARMAC, LLC ("Marmac") in the amount of $704,719.29, and Central Boat Rentals, Inc., Curtin Maritime Corp., Offshore Towing, Inc., Global Towing Service, LLC, and McAllister Towing of New York, LLC, (collectively referred to as "the Towing

Companies"), in the amount of $1,206,316.93.[1] Goliath now seeks a reduction of the surety bond amount pursuant to Rule E(6).

After security is set, the circumstances or the conditions that initially supported security at a particular level can change. Rule E(6) is intended to accommodate such changes. On one hand, the amount set by a court typically places a cap on a plaintiff's recovery. On the other hand, a court must be mindful that excessive security is inherently unfair and restrains funds that a vessel's owner is entitled to use for other purposes. *Chemoil Adani Pvt. Ltd. v. M/V Mar. Kind*, 894 F.3d 506, 508 (2d Cir. 2018). Rule E(6) of the Supplemental Rules for Admiralty or Maritime Claims provides that, "Whenever security is taken the court may, on motion and hearing, for good cause shown, reduce the amount of the security given." The rule also provides that ". . . if the surety shall be or become insufficient, mew or additional sureties may be required on motion and hearing." *Id.*

The Court has considered the Motion, briefs, and oral argument of counsel. The Court has also considered the reasonableness of the plaintiffs' alleged damages and carefully weighed the equitable arguments made by all parties. The Court finds that Goliath has shown good cause for reducing the bond to account for the claims previously settled, dismissed, or resolved in this action. The bond will be reduced to $740,719.29, which is sufficient security for the M/V NOR GOLIATH in

---

[1] On May 17, 2021, this Court granted Goliath's Motion for Summary Judgment against the Towing Companies. (*See* Memorandum Opinion and Order, ECF No. 501). The summary judgment order is on appeal. (*See* USCA Number 21-60501).

respect to the alleged maritime lien claim filed by the remaining plaintiff, MARMAC.

The Court further finds that Supplemental Rule E(6) gives the Court a broad grant of flexibility and discretion to fashion an equitable solution when reducing surety bonds or increasing insufficient surety bonds. Therefore, in the event that the United States Court of Appeals for the Fifth Circuit reverses this Court's grant of summary judgment to Goliath and against the Towing Companies, and the matter is remanded for further proceedings, the amount of surety is deemed insufficient and shall be increased by $1,206,316.93.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [512] Motion to Reduce Counter-Surety Bond filed by Goliath Offshore Holdings, Pte. Ltd. and M/V NOR GOLIATH is **GRANTED**. The surety bond is reduced to $704,719.29. The Clerk of Court is authorized, instructed, and directed to accept this bond into the Court's Registry.

**IT IS FURTHER ORDERED AND ADJUDGED** that Goliath shall have the appropriate Notice of Bond Reduction filed into this record within seven days, along with the Rider/Endorsement reflecting the new bond amount.

**IT IS FURTHER ORDERED AND ADJUDGED** that if the United States Court of Appeals for the Fifth Circuit reverses this Court's grant of summary judgment in favor of Goliath and against the Towing Companies, the amount of surety shall be increased by $1,206,316.93.

**SO ORDERED AND ADJUDGED** this the 27th day of August, 2021.

s/ *Louis Guirola, Jr.*

Louis Guirola, Jr.
United States District Judge
